# Pennington v. Commonwealth.

(Decided November 12, 1929.)

C. F. SEE, Jr., for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant, Watt Pennington, seeks a reversal of a judgment convicting him of the second offense of manufacturing intoxicating liquor and fixing his punishment at two years' confinement in the penitentiary.

Several witnesses were asked if they knew appellant's general reputation "as to being engaged in the illicit liquor business," and on answering in the affirmative were permitted to state that it was bad. Attention is called to the fact that the statute makes admissible in evidence "the general reputation of the defendant or defendants for moonshining, bootlegging, or being engaged in the illicit manufacture of, or trade in, intoxicating liquors," section 2554a15, Kentucky Statutes, Baldwin's 1926 Supplement, and it is claimed that the question asked did not conform to the statute and was therefore improper. While doubtless it is the better practice to ask the question in the langauge of the statute, we are not inclined to the view that a slight departure from the language of the statute is ground for reversal. One would hardly think that a man who merely took a drink was engaged in the illicit liquor business. Being engaged in the liquor business naturally carries with it the idea of moonshining or bootlegging, or the manufacture of, or trade in, intoxicating liquor. In the circumstances the question asked was substantially in the language of the statute and cannot be regarded as prejudicial in form.

The further point is made that judgment of conviction on the first trial did not show the crime of which appellant was convicted. This was not necessary. The judgment gave the title of the case, and the indictment itself was offered in evidence and showed that Watt Pennington was charged with the offense of unlawfully manufacturing intoxicating liquor. In the same connection it is claimed that the judgment showing that Watt Pennington had pleaded guilty did not show that the plea was entered by defendant himself in open court, as required by section 173, Criminal Code of Practice. The failure to contain such recitation was not fatal to the validity of the judgment. On collateral attack such as this, it will be conclusively presumed that the trial court complied with the provisions of the Code.

After the circuit clerk had testified and exhibited the record showing that Watt Pennington had theretofore

been convicted of manufacturing intoxicating liquor, the court permitted Philip Preece to be recalled and to identify appellant as the person theretofore convicted. There is no basis whatever for a claimed error on this score, as the commonwealth had not even closed its case at the time Preece was recalled.

Another ground urged for reversal is that the court did not permit appellant's entire affidavit for a continuance to be read. The affidavit was admitted subject to competency and relevancy. The excluded portion of the affidavit reads as follows: "He would prove by John Young, if present, that John Young had been to his home on several occasions since the time he was convicted for manufacturing whisky and tried to get whisky from him, and that he informed John Young that he had quit and was no longer engaged in the whisky business, and that John Young could not get any whisky from him." What appellant and John Young said to each other was pure hearsay. The fact that appellant refused to sell to John Young had no bearing on whether he was guilty of manufacturing liquor at the time claimed by the commonwealth. As John Young even if present would not have been permitted to testify as stated in the affidavit, it necessarily follows that the court did not err in refusing to permit the excluded portion of the affidavit to go to the jury.

Lastly, it is insisted that the evidence is insufficient to take the case to the jury or to sustain the verdict. Though it is true that the still does not appear to have been located on appellant's property, it does appear that appellant and Lafe Grubb were present at the still while it was in operation. When the officers approached appellant, he snapped his gun at the sheriff immediately upon seeing him. He then fell over a log and was arrested. On the other hand, Lafe Grubb, who was doing time for the offense, and appellant both say that appellant had no interest in the still. While we have held that the mere presence of one at a moonshine still is not always sufficient to take the case to the jury or sustain a conviction, Leedy v. Commonwealth, 219 Ky. 628, 294 S. W. 164, the evidence here goes further than that. If appellant had been only a visitor or an innocent bystander, it is hardly probable that he would have made an effort to kill the sheriff. Therefore the fact that he made such attempt is a strong circumstance tending to connect him with the

manufacture of liquor then going on. We are therefore constrained to the view that the evidence was sufficient not only to take the case to the jury but to sustain the verdict.

Judgment affirmed.