STATE OF IOWA, Appellee, v. CLAIR ROBERTS, Appellant.

No. 43138.

JUNE 19, 1936.

REHEARING DENIED OCTOBER 2, 1936.

Edward L. O'Connor, Attorney General, Walter F. Maley, First Assistant Attorney General, and Dio S. McGinnis, County Attorney, for appellee.

Rolla Shewmaker, D. D. Slaymaker and O. M. Slaymaker, for appellant.

PARSONS, J.—A county attorney's information charging the defendant Clair Roberts with the crime of illegal possession of intoxicating liquors was filed on the 25th day of January, 1934, in the office of the clerk of the district court of Decatur County, Iowa. It also charged that the defendant was formerly convicted in Decatur County, Iowa, of the crime of illegal possession of intoxicating liquor, and at another time he was convicted in Decatur County of the crime of bootlegging. The case was tried to a jury, the trial beginning February 19, 1935, and the State having finished its evidence in chief, rested. The defendant made a motion for an instructed verdict, the first ground of which was simply that the State had failed to prove beyond a reasonable doubt that the defendant was guilty of the acts complained of in the information. The second ground was that the State had failed completely to prove the defendant was guilty of a first or second conviction, as code sections 1954, 1955, and 1964 provide, because the defendant was formerly convicted on October 16, 1925, of the crime of illegal possession of intoxicating liquor, and on the 12th day of December, 1925, the defendant

was convicted of bootlegging; that the section 1964 of the code of 1927 was amended by the Acts of the 44th General Assembly (ch. 42, sec. 1), and that should the jury return a verdict against the defendant it would be the duty of the court to set it aside because it was not supported by the evidence, and that being true, it was the duty of the court in the first instance to direct a verdict for the defendant. This motion was overruled. The court then instructed the jury, and the court submitted to the jury, two special interrogatories, one reading as follows:

"Interrogatory No. 1

"Do you find that the defendant, Clair Roberts, has heretofore been convicted on October 16, 1925, for the crime of illegal possession of intoxicating liquors? Answer: Yes."

The second special interrogatory read as follows:

"Interrogatory No. 2

"Do you find that the defendant, Clair Roberts, has heretofore been convicted on December 12, 1925, for the crime of bootlegging? Answer: Yes."

The jury also returned a verdict finding the defendant guilty of the crime of illegal possession of intoxicating liquors. In due time the defendant filed a motion for new trial, exceptions to instructions refused and exceptions given, which motion was overruled, and on the 8th day of March, 1935, the defendant was sentenced to serve three years at hard labor in the State Penitentiary at Fort Madison, Iowa, and judgment was rendered against the defendant for costs of the trial, to all of which defendant excepted.

The record in this case is short, from which we gather that on December 18, 1933, A. E. Maron, Deputy Sheriff of Decatur County, Iowa, accompanied by one Holmgren, went to Davis City in that county for the purpose of serving a writ of replevin on Clair Roberts, at the home of one Mrs. Noftsger, who had a daughter Ida B. Noftsger. This writ of replevin was against Clair Roberts, the defendant, and was for re-possession of a car. The deputy told Roberts he would have to take the car with him, and Roberts offered to bring it to Leon, said he would like to use it for an errand, but the deputy told him he could not use it. Roberts was then asked for the keys of the car; he didn't have them, but said he thought Mrs. Noftsger had them. This was said while they were in the house. When they went outside

the deputy saw one of the Noftsger women at the car, and saw her take from the right door of the car a can, the contents of which was afterwards tested by the deputy and found to be alcohol, and intoxicating. The deputy found the keys in the switch on the dash of the car, a coupe with turtle back. Before the deputy left, Roberts left the house. The deputy took the car back with him to the county seat. He there opened the back of the car and found four gallons of alcohol, Exhibits D, E, F, and G, and they were held in his possession ever since. He examined the contents, found it was alcohol, and that it would be intoxicating. The deputy looked through the car and found a .32 automatic gun. There were Missouri license plates on the car. The writ was served when the deputy and Holmgren first arrived at the house. Roberts said he didn't have the keys to the car, but that he thought Mrs. Noftsger had them. Roberts did not claim ownership of the car, but turned it over to the deputy. Roberts did not attempt to remove the alcohol from the car.

Holmgren testified that after Maron went into the house for the purpose of serving the papers, he remained outside, and that Mrs. Noftsger came out of the house and wanted to get into the car, and he refused her admission to the car, told her it had been re-possessed. Then Roberts came out of the house and Maron questioned him concerning the keys to the car, and Roberts went into the house again to get them. When he came out of the house again he walked around the corner of the house, and they saw him no more that evening. Mrs. Noftsger asked Holmgren to be permitted to get into the car. She then opened the door and took from the car a partially filled can of alcohol, which Maron took from her, and she asked if she could keep it, but he refused to let her have it. The deputy put this can of alcohol in the car, and took the car to Leon. Holmgren said he saw Maron mark the cans, and testified as to the finding of the .32 automatic pistol in the car of defendant. Maron gave the gun to Holmgren to take care of. When Roberts came out of the house he had on his hat and overcoat, and disappeared around the corner of the house. The car did not carry an Iowa license, and Clair Roberts did not attempt to take any liquor from the car, and made no claim that the liquor belonged to him, and they didn't know who had been using the car. Roberts did not have the keys, but they were found in the dash of the car.

Maron testified that the car taken was the property of Clair Roberts, and that Mrs. Noftsger is now Mrs. Clair Roberts. When Roberts and Maron came out of the house Maron asked about the keys of the car and Roberts said he would get them and went into the house. Maron testified that about the time Roberts went away, a young woman came out of the house and wanted to get into the car, and did open the car door, and took a can out of the car. Mr. Maron told her he would have to keep it, and took it away from her. She said she wanted to keep it, as they were going to have a party.

The evidence in reference to the former conviction of Clair Roberts was in Exhibits H, I, J, K, L, & M, and the testimony of the clerk of the district court. Exhibit ''H'' was a county attorney's information charging the defendant with the crime of illegal possession of intoxicating liquor, the 14th day of October, 1925. Exhibit ''I'' was the plea of Roberts in the following form:

''I, Clair Roberts, in open court make my written plea of guilty to the offense charged in the County Attorney's Information, namely, unlawful possession of intoxicating liquor.

(Signed) Clair Roberts.''

This was indorsed: ''No. 1. State of Iowa vs. Clair Roberts. Plea. Filed Oct. 16, 1925. Guy L. McMorris, Clerk. Book 19, page 516.''

Exhibit ''J'' is the sentence of the court, sentencing Roberts to pay a fine of $300 and costs of prosecution, and stand committed to the jail of Decatur county until said fine and costs are paid. It further sentenced the defendant to be imprisoned in the county jail of Decatur county, Iowa, for the term of one year; mittimus to jail sentence not to issue until the further order of the court, to all of which defendant excepted. Exhibit ''K'' was a County Attorney's information charging the defendant with the crime of bootlegging, on the 24th day of November, 1925. Exhibit ''L'' was the plea of defendant in writing, as follows:

''I, Clair Roberts, in open court, make my written plea of guilty to the offense charged in the indictment, namely, bootlegging.''

Exhibit ''M'' was the judgment entry dated the 20th day

of October, 1926, fining the defendant $500 and costs, and that he be committed to the county jail at hard labor for a period of five months. In default of payment of said fine, in addition to the term imprisonment pronounced, defendant be committed to hard labor in said jail for one hundred fifty days. This judgment and sentence not to be concurrent with judgment in cause No. 1, State of Iowa against Clair Roberts.

It was also testified that the defendant Clair Roberts in this case, was the same as Clair Roberts in the other cases. It is upon this record that the defendant was convicted. Motion for new trial was filed with exceptions to instructions. They are lengthy and need not be set out in full in this case.

 The defendant made a motion to take from the jury the submission of the question of prior convictions, basing the motion on the fact that Section 1964 of the code of 1927 had been amended by the Acts of the 44th General Assembly (ch. 42, sec. 1). This section had been amended, but that amendment did not in any way affect the code here. As Section 1964 appeared in the code of 1927 it read:

"Whoever is convicted, or has entered a plea of guilty in a criminal action, in any district court of the state, of a violation of any provision of this title or of the laws amendatory thereof, and is thereafter convicted or enters a plea of guilty of a subsequent offense against any provision of this title or of said amendatory laws, shall be punished as follows:"

This section has the same reading in the code of 1931, to that point. There have been additions to it by chapter 42 of the 44th General Assembly, but they in no way affect this question. It will be observed that the section provides for a conviction of a prior offense and provides in the same terms as to a plea of guilty, and in this case, the record shows that there was not only a conviction by the court, but a plea of guilty in the two previous convictions. Therefore, there was no error, and the court having submitted the question as to the prior convictions to the jury, the evidence showing the prior convictions, the finding of the jury upon that must stand.

 Complaint is also made by the defendant that the court instructed the jury as to the presumptions which came from the destruction or attempt to destroy liquor. The court following the statute, told the jury that the destruction or attempt to

destroy any liquor by any person while in the presence of peace officers, or while the property is being searched by peace officers, shall be *prima facie* evidence that the liquor is intoxicating and intended for unlawful purposes. Under the evidence in this case it would have been a freak verdict for the jury not to find that the defendant had possession of the liquor, so charged in this indictment. He not only had the can of liquor taken by the woman from the car, but he had several other cans locked up in the back of the car. The evidence shows this was alcohol. Alcohol is intoxicating liquor, and the possession of it by the defendant under these circumstances was unlawful and illegal. So the instruction complained of is not error. The undisputed facts in the record showed the possession was unlawful and illegal, and the instructions saying that an attempt to destroy should be *prima facie* evidence that it was illegal, we cannot see are in any way prejudicial to the defendant.

 Courts are not organized for the purpose of letting criminals out. They have criminal jurisdiction that they may enforce the laws of the state. It is wrong for courts to reverse cases where there are simply technical defects in the instructions, or technical errors in the trial, which do not affect the result. Section 14010 says we must examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties. We cannot see here that any substantial right has been affected. The record shows that this defendant has been a persistent violator of the liquor laws of Iowa, and these statutes were made for the purpose of compelling observance of those laws.

 Some question is also made as to the sufficiency of the proof of the judgment in the bootlegging case in which defendant was convicted. The record in that case shows a plea of guilty, and the entry of judgment by the court for a fine and provisions for imprisonment, and the defendant being still at large, and no showing in the record it was set aside, the presumption is that the punishment for that particular charge of bootlegging has been had. There is no showing that an appeal was taken, besides the defendant pleaded guilty and acknowledged the commission of the offense. That is itself sufficient evidence of his prior conviction. Many people do not agree with these liquor laws, but they are on the books, and they must be obeyed. Of course, no rogue e'er felt the halter draw with

good opinion of the law, and attorneys defending such characters as the defendant herein seem at times to have their minds colored or influenced by the interest of their clients without regard to the law.

The object and purpose of section 14010 was to provide that criminal cases should not be reversed for any error that did not prejudice some of the substantial rights of the defendant. No substantial right was violated here. The following authorities will be found to support this proposition: State v. Bamsey, 208 Iowa 796, 223 N. W. 873; State v. Mullenix, 212 Iowa 1043, 237 N. W. 483; State v. Kress, 204 Iowa 828, 216 N. W. 31; State v. Gardiner, 205 Iowa 30, 215 N. W. 758; State v. Manly, 211 Iowa 1043, 233 N. W. 110.

We have carefully looked over all the errors assigned in this case, read the record with care and scrutiny, and we are satisfied the defendant was properly convicted, and that he ought to be punished; therefore the judgment of the district court ought to be, and it is hereby, affirmed.—Affirmed.

DONEGAN, C. J. and STIGER, MITCHELL, ANDERSON, KINTZINGER, and HAMILTON, JJ., concur.