STATE OF IOWA, appellee, v. ARTHUR GARDNER, appellant.

No. 48285.

(Reported in 61 N.W.2d 458)

DECEMBER 15, 1953.

Bailey C. Webber and Hal P. Beck, both of Ottumwa, for appellant.

Leo A. Hoegh, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Richard M. Ackley, County Attorney, for appellee.

BLISS, J.—On June 24, 1952, defendant was arrested and charged with operating a motor vehicle on the public streets of Ottumwa, Wapello County, Iowa, while in an intoxicated condition. On a preliminary hearing on June 29, 1952, he was bound over to the grand jury, which returned an indictment on September 15, 1952, charging him with so operating a motor vehicle, as a third offense. With respect to two previous convictions, the indictment charged: that on or about August 1, 1938, defendant entered a plea of guilty to a charge of operating a motor vehicle

while intoxicated in the District Court of Wapello County, Iowa, which found and determined that he was guilty as charged, and sentenced him as by law provided; a record of which judgment was entered in criminal docket 107 at page 142, District Court Record 75, page 13, designated as criminal case No. 7046; and that on or about September 14, 1948, defendant entered a plea of guilty, in the District Court of Monroe County, Iowa, to a charge of operating a motor vehicle while intoxicated, on which plea that court determined him guilty as charged and sentenced him as by law provided; a record of which judgment in said court was entered in criminal docket 56 at page 151, District Court Record 40 at page 99, designated as criminal case No. 15651.

Defendant, as a witness for himself in the trial of the action at bar, admitted that he was operating his automobile on June 24, 1952, on the streets of Ottumwa, when he was arrested by the peace officers of that city. In the printed record, defendant did not set out any of the evidence bearing upon his intoxication or nonintoxication with respect to the principal charge in the indictment. Plaintiff amended the record as abstracted to show testimony of defendant that within a few hours before his arrest on June 24, 1952, he had drunk two or three bottles of beer, and that because of some defect in the steering mechanism of the car he had difficulty in parking it and drove one wheel over the curb; that after his arrest the police officers and a doctor had put him through some physical maneuvers commonly used to determine intoxication; and that he had refused to submit to a test of the alcoholic content of his blood.

When the State rested after the presentation of its evidence in its main case, defendant made a motion that the court withdraw from the consideration of the jury that part of the indictment with reference to his prior convictions, respectively in the Wapello District Court and in the Monroe District Court, and also to withdraw from the consideration of the jury all documentary evidence, exhibits and court records with reference to these earlier convictions. At the close of defendant's evidence he filed another motion in large part the same as the one referred to above. Both motions were overruled. Defendant then moved that

the court direct the jury to return a verdict against the State and for the defendant. After the jury had returned its verdict, defendant moved that the verdict be set aside and that a new trial be ordered on the merits. The only grounds alleged in any of these motions for granting the relief asked therein were that the prior convictions had not been established by competent or sufficient evidence. There was no allegation in any motion that the evidence was insufficient to sustain the jury's verdict that defendant was operating a motor vehicle while intoxicated on June 24, 1952. In fact, defendant, subject to the court's ruling on his motion for new trial, made application "that the court should on its own motion reduce the finding of the jury to guilty of operating a motor vehicle while intoxicated, first offense, and render judgment accordingly." And in this court he urges the incompetency of the State's evidence to establish the prior convictions, and argues: "Therefore, it is contended by the appellant that the court should reverse, although not necessarily remand, same for new trial, in accordance with the ruling in State v. Barlow, supra (242 Iowa 714, 46 N.W.2d 725), where the court held that failure of proof of prior convictions did not necessitate a new trial, but the court could of its own volition reduce the same to a lower penalty. In this case it is submitted the reduction should be guilty of operating a motor vehicle while intoxicated, first offense."

The only question before this court is whether the two prior convictions of defendant were established by competent and sufficient evidence. Section 321.281, Code of Iowa, 1950, provides that whoever, while in an intoxicated condition, operates a motor vehicle upon the public highways of the state, shall, upon conviction or a plea of guilty, be punished, for a third offense, by imprisonment in the penitentiary for a period not to exceed three years. The burden is on the State to establish beyond a reasonable doubt the guilt of the accused on the principal charge, and also the fact of his two prior convictions of the offense.

There was evidence of the following matters with references to the first conviction. The chief of police of Ottumwa, as a witness for the State, brought into court the Ottumwa Police Record

Book going back to 1938, and certain other items of evidence of which he was the official custodian. On pages 48 and 49 of said Record Book is this entry: "#773 Arthur Gardner July 18, 1938 O. M. V. W. I." On page 97 of the Police Judge Docket No. 7 is shown an action by the State of Iowa vs. Arthur Gardner charging him with "Driving a Motor Vehicle while intoxicated", and that the accused was arrested and arraigned on an information filed on July 16, 1938, and that on a plea of not guilty defendant waived to the Grand Jury, August term 1938. Photographs, both front and profile, of the accused were taken on July 18, 1938, by the officers, as were also his fingerprints. The accused placed his signature "Arthur Gardner" on the fingerprint card. Defendant's objection to pages 48 and 49 of the police record as irrelevant, incompetent and immaterial was overruled.

The county attorney then stated: "We have the fingerprints taken in 1938 and the fingerprints taken when the defendant was arrested this last time for operating a motor vehicle while intoxicated." Defendant's attorney then said: "If the court please, to shorten this up the defendant will concede that the Arthur Gardner arrested, as shown by police records on July 16, 1938, is one and the same person as Arthur Gardner arrested by the Ottumwa police on June 24, 1952."

To the offer in evidence of the fingerprints of 1938 for identification, defendant then stated: "I object to that as not proof of identification, but an attempt of proof of previous crime, and not competent with respect to proof of conviction of any previous crime, but only with reference to the accusation thereof, highly prejudicial, especially in the light of the concession as to identity, and therefore irrelevant and immaterial. I further object that the matter of identity is irrelevant and immaterial in the light of the fact that there is no competent evidence of the prior conviction." The fingerprint card of defendant made on June 25, 1952, and signed by him was then admitted over the same objection by defendant.

Profile and front photographs of defendant, taken June 25, 1952, were received in evidence without objection. To the offer of page 97 of the Police Judge Docket, supra, defendant objected that it was irrelevant, immaterial and incompetent to prove or as tending to prove any prior conviction. The objection was over-

ruled. The chief of police testified that the police judgment docket from April 1938 to October 1938 showed only the one charge against an Arthur Gardner.

An Ottumwa police officer testified that he took the photographs of the defendant on June 25, 1952, and also four sets of fingerprints, one of which sets he sent to the Bureau of Criminal Investigation of the Iowa Department of Public Safety. A fingerprint technician from this Bureau, as a witness for the State, testified that he found two sets of fingerprint cards in the files of the Bureau with reference to Arthur Gardner, one of which bore date of July 18, 1938, and the other, June 25, 1952, and that it was his opinion that the two sets were of the same person.

The clerk of the district court of Wapello County and custodian of its records, as a witness for the State, brought with him certain court records and files. One of these was District Court Record No. 75. On page 13 are the following proceedings, in substance: April Term 97th day, Aug. 1938—No. 7046 State of Iowa vs. Arthur Gardner—Sentenced—Defendant present. Arraigned. Says he is charged by his correct name, and did not want any attorney. Waives time and enters plea of guilty to charge in the information, and consents that sentence be pronounced at this time. "Sentence pronounced that the defendant be imprisoned in the county jail of Wapello County for a period of three months. Appeal bond fixed at $300. On showing made sentence is suspended during good behavior and defendant is paroled to the sheriff of Wapello County, Iowa, and required to report to the sheriff every sixty days for one year."

Since the judgment did not designate the offense charged against the defendant and to which he had pleaded guilty, the State, to supply this information, introduced from the court files in the action, produced by the clerk of the court, the information filed by the county attorney accusing the prisoner, Arthur Gardner, of the crime of operating a motor vehicle while intoxicated on the streets of Ottumwa, in Wapello County, Iowa, on July 16, 1938.

To further supplement the information, the State introduced the State Combined Docket No. 107, page 142, produced and identified by the clerk of the district court as a part of the

records of his office, which showed the number of the action entitled State of Iowa vs. Arthur Gardner to be 7046, and the charge against defendant to be that of "Operating a Motor Vehicle While Intoxicated", and the date of the filing of the County Attorney's Information to have been August 1, 1938.

With respect to the conviction in the District Court of Monroe County, Iowa, the State offered the testimony of James Douglas, a state highway patrolman of nine years service. After the witness had given his name, counsel for defendant stated: "If the court please, we will concede that the defendant, Arthur Gardner, now on trial, is one and the same person as the Arthur Oney Gardner who was arrested by Patrolman Douglas." The witness, Douglas, testified that he arrested Arthur Gardner on May 15, 1948, in Monroe County for driving while intoxicated.

The clerk of the Monroe District Court, as a witness for the State, produced certain records of the court of which she was the official custodian, among which was Appearance Docket, Judgment Docket and Fee Book No. 56, on page 151 of which was Criminal Case No. 15651, entitled State of Iowa vs. Arthur Oney Gardner. After stating the presence of defendant on September 14, 1948, a regular day of the May term of court, without counsel and desiring no counsel, after being arraigned and stating he had a copy of the information, and waiving time to plead and entering a plea of guilty as charged and consenting to sentence immediately, the court rendered judgment as follows:

"It is ordered and adjudged that defendant is guilty of the crime charged and that he pay a fine of Six Hundred Dollars and costs of the prosecution and in default of payment of said fine or any portion thereof that defendant be imprisoned at hard, labor in the county jail of Monroe County one day for each three and one-third Dollars of the unpaid portion of said fine. Appeal bond $1000,

"Driver's license suspended for one year."

A substantial portion of the entry set out just above was recorded in District Court Record No. 40 at page 99.

From the court files in this case the clerk also produced the information of the county attorney of Monroe County, accusing "Arthur Gardner of the crime of Operating While Intoxicated a

Motor Vehicle * * * on or about the 15th day of May 1948 in the County of Monroe and State of Iowa * * * upon the public highway of this state * * * contrary to the provisions of the Statutes of Iowa (Code section 321.281)."

Heinrich C. Taylor, a Judge of the Second Judicial District of Iowa, which includes Monroe County, a witness for the State, testified that he was holding court in Monroe County on September 14, 1948, at which time the information in the action of the State of Iowa vs. Arthur Gardner was presented to him, and he sentenced the defendant for the crime of operating a motor vehicle while intoxicated. The witness testified that at the time he sentenced the defendant he asked him if he had previously been convicted or had pleaded guilty to operating a motor vehicle while intoxicated and the defendant told him that he had pleaded guilty to such charge.

Defendant objected to the questions and answers of Judge Taylor "as an attempt by indirection to produce evidence which is not the best evidence of a conviction, and an attempt to modify, vary and alter a judgment entry which, in itself, is a finality and inviolate, and the testimony is not the best evidence with respect thereto and was incompetent." Defendant also objected to the testimony of the witness of his conversation with defendant at the time of his sentence as hearsay and immaterial to any issue, and calling for testimony concerning which defendant had not been warned as to his constitutional right against self-incrimination; and for the further reason that it went back of the claimed record of conviction which is and of itself the only evidence thereof. Judge Taylor testified that he knew that Patrolman Douglas was the officer who had arrested defendant. Douglas, on being recalled, testified that he had never arrested any other man in Monroe County for driving a motor vehicle while intoxicated by the name of Arthur Gardner.

While the State was offering the court records and documents, noted above, with reference to the former convictions, the court had overruled defendant's objections to their admission, but had not permitted them to be read into the record or shown to the jury. Before closing its case the State "reoffered all exhibits heretofore offered." Defendant then renewed each and every objection theretofore made to these exhibits.

I. We will not attempt to state in detail those numerous objections, but the basic reason and ground of them all was that the best and only admissible evidence of the prior convictions was the original court record of the judgment, which the State had introduced, as entered in the 1938 prosecution in the Wapello District Court, and in the 1948 prosecution in the Monroe District Court. As we understand defendant's position in the matter as urged in the trial court and on this appeal, he does not contend that these original judgment records were not admissible, but he argues that neither record establishes a prior conviction because neither judgment designates that the defendant was adjudicated to have been guilty of operating a motor vehicle while intoxicated, nor was he sentenced for such offense, and that therefore neither judgment is of any aid to the State. It is defendant's position that the State must accept those judgment records as they are and that it cannot by any evidence dehors those records, as entered, show that the defendant in each action was in fact adjudged guilty of operating a motor vehicle while intoxicated, and that the court erred in permitting the State to establish that fact by the admission in evidence of other parts of the record in each case, or by the introduction in each case of the information showing that the defendant was in fact charged with operating a motor vehicle while intoxicated, and pleaded guilty to that charge. We disagree with defendant in his contention. He has cited no decision of this court nor any other decision or authority which sustains or supports his position. We are abidingly convinced that the rulings of the trial court were sound and right in admitting the evidence, challenged by defendant, in order to so clarify, supplement and make definite the offense of which the defendant in each case was adjudged guilty.

The attorney general states that he has found no decision of this court in which this identical question has been passed upon. We have found none in our research. In accord with our decisions the judgments in the two prior decisions were established by the original entries in the judgment record book of the court. State v. Merkin, 198 Iowa 900, 200 N.W. 437; State v. Barlow, supra, 242 Iowa 714, 719, 46 N.W.2d 725; State v. Lambertti, 204 Iowa 670, 215 N.W. 752; State v. Roberts, 222 Iowa 117, 268 N.W. 27;

State v. Koenig, 240 Iowa 592, 593, 594, 36 N.W.2d 765; State v. Higgins, 241 Iowa 244–246, 39 N.W.2d 599; section 606.7(1), Code of 1950; R. C. P., rule 227. Such entry or a duly certified copy thereof is the best evidence of the judgment, but we have not held that it is the only admissible evidence of the fact, as asserted by the defendant. In effect, the challenge of defendant is a collateral attack on these judgments. So far as the record shows they were never appealed from. Proof of the judgment entry in the "record book" is a prima-facie establishment of the judgment, but it may be supported and fortified by other evidence.

■ II. It is the general rule that a judgment which fails to state the offense of which the defendant was adjudged guilty may be made definite in that respect by the introduction of other parts of the record which designate the crime of which he was charged and to which he pleaded, or was found, guilty. In 15 Am. Jur., Criminal Law, section 445, pages 105 to 107, it is stated: "As a general rule, the judge, in pronouncing the sentence or judgment, and the record thereof, must state the offense of which the prisoner has been convicted. This is so under the common law and, in many of the states, is required by statute. However, a sentence or judgment need not state all the elements or particulars of the offense, nor need the crime be designated technically and in detail. *In many jurisdictions the rule is adopted that the description of the crime in a judgment is sufficient if it alone, or in connection with the record, affords the defendant ample protection against a second prosecution for the same offense.* The view is taken in a number of jurisdictions that an objection to a sentence on the ground that it does not state or does not sufficiently describe the offense of which the defendant was found guilty or that the defendant was guilty of any named crime, is technical rather than substantial, and that the omission may be supplied by reference to the rest of the record in the case where such record shows fully the crime for which the prisoner was indicted and all the proceedings thereon through trial and verdict up to conviction and sentence. * * * In other jurisdictions it has been held that if from the whole record it is apparent that the court found the defendant guilty of the crime charged and sen-

tenced him to the punishment fixed by the law and the verdict, this is all that is necessary, even though there is no express adjudication of guilt by the court." (Italics ours)

For like statements of law see 24 C. J. S., Criminal Law, section 1600, page 130, where it is said: "It is not necessary that the whole record and proceedings shall be carried into the judgment entry, or that it shall repeat anything contained in the papers which precede it, for in view of the fact that they go into the record and make a part of it, such repetition would be idle and serve no useful purpose." And on page 132, section 1601 of said volume, it is stated: "An objection to the judgment because of failure to state the offense of which accused was found guilty, or that accused was guilty of any named crime, is technical rather than substantial, where the record shows fully the crime through trial and verdict up to conviction and sentence, and this omission may be supplied by reference to the rest of the record. Thus, where the judgment record enables the elements and character of the crime to be ascertained by a reference to the indictment or information, or complaint, where it contains a reference to the verdict returned against him, or speaks of his having been found guilty or convicted of a particular and specifically mentioned crime, the description of the crime is sufficient." And in the same volume, section 1585, page 115, it is said: "The judgment or sentence must be construed in its entirety. Also, in determining its sufficiency the entire record will be searched and all parts of the record interpreted together, and a deficiency at one place may be cured by what appears at another."

In State ex rel. Perkins v. Utecht, 231 Minn. 339, 341, 43 N.W.2d 258, 260, involving three prior convictions, the court said: "As a general rule, the trial court in pronouncing sentence must state the nature of the offense for which the prisoner has been convicted. This is to afford a defendant ample protection against a second prosecution for the same offense. The rule has been adopted in many jurisdictions that the description of the crime in a judgment is sufficient if, in connection with the record, it affords the defendant information sufficient to protect him against future prosecutions for the same offense. These authorities uniformly hold that any omission in the judgment may be

supplied by reference to the rest of the record where it shows the crime with which defendant is charged, and the proceedings thereon through trial, verdict, conviction, and sentence."

In Pennington v. Commonwealth, 231 Ky. 494, 495, 21 S.W. 2d 808, 809, the accused was convicted of the second offense of manufacturing intoxicating liquor. He complained that the judgment of conviction in the first trial did not show the crime of which he was convicted. The court said: "This was not necessary. The judgment gave the title of the case, and the indictment itself was offered in evidence and showed that Watt Pennington was charged with the offense of unlawfully manufacturing intoxicating liquor."

In Dunnington v. Commonwealth, 231 Ky. 327, 330, 21 S.W.2d 471, 473, the appellant was convicted of a second violation of the Prohibition Law. He complained of the sufficiency of the evidence of the former conviction, and contended that the indictment, verdict, judgment of conviction and sentence in the earlier trial should have been shown. In affirming, the court said: "The evidence of a former conviction may be limited to the verdict and judgment of conviction, and the sentence, *if they show the essential facts. If the judgment of conviction is inadequate to show the nature or character of the previous conviction, the indictment is then competent for that purpose,* but the facts relating to the previous conviction and the details of the former offense are not competent, except so far as is necessary to show its nature and character." (Italics ours) This decision, on the facts and the law, fully supports the trial court in the case before us.

Other decisions giving support to the rule of the authorities above-noted are Hambrick v. State, 80 Fla. 672, 86 So. 623, 14 A. L. R. 987; Ex parte Gibson, 31 Cal. 619, 91 Am. Dec. 546; State v. Bowman, 278 Mo. 492, 213 S.W. 64; People ex rel. Hutchinson v. Murphy, 188 Ill. 144, 58 N.E. 984; Kubik v. United States, 8 Cir., Neb., 53 F.2d 763; Davidson v. Nygaard, N. D., 48 N.W.2d 578, 583 et seq.; Pointer v. United States, 151 U.S. 396, 418, 419, 14 S. Ct. 410, 418, 38 L. Ed. 208, in which objection was made because the judgment did not name the crime for which the sentence was passed. The court said: "The specific objection to

the sentence is that it does not state the offense of which the defendant was found guilty, or that the defendant was guilty of any named crime. This objection is technical, rather than substantial. * * * While the record of a criminal case must state what will affirmatively show the offense, the steps, without which the sentence cannot be good, and the sentence itself, 'all parts of the record are to be interpreted together, effect being given to all, if possible, and a deficiency at one place may be supplied by what appears in another.' " See also State v. Cook, 92 Iowa 483, 484, 61 N.W. 185, on this point, and Demolli v. United States, 8 Cir., 144 F. 363, 75 C. C. A. 365, 6 L. R. A., N.S., 424, 7 Ann. Cas. 121.

■ The prior convictions were issues in the case which it was essential that the State establish in order to prove the allegations of the indictment, not as bearing upon the defendant's guilt of the principal charge in the indictment, but for the purpose of determining the penalty. Because of the omission of the designation of the offense in the judgments in the prior convictions the State was compelled to supplement the judgment entries in that respect by introducing other parts of the record which did show the crime that was charged, and for which the defendant was sentenced in each case. In doing so the State did not vary, alter, or modify the judgments to the prejudice of defendant. It simply clarified them to show the true situation.

In doing so the court fully protected defendant. The minutes of testimony attached to the informations were not offered by the State, but the court sealed the minutes so that they could not be seen by the jury, and only the face of the informations showing the charge itself in the 1938 and 1948 prosecutions was given to the jury. On this point defendant has cited State v. De Bont, 223 Iowa 721, 273 N.W. 873, and State v. Huckins, 212 Iowa 283, 234 N.W. 554. The facts in each case deprived it of any application in the appeal before us. In each the minutes of testimony of a large number of witnesses were improperly permitted to go to the jury.

Although defendant by his attorney admitted that the defendant on trial was the identical person who was the defendant in the two prior cases, the attorney thereafter qualified his admis-

sion somewhat, and also raised the question of identity in his subsequent motions. The fingerprints and photographs were properly offered by the State, and rightly admitted in evidence by the court. It is significant that defendant's attorneys did not interrogate defendant, as a witness in his own behalf, as to whether he was the defendant in the prior cases, and objected when the State attempted to do so. The fingerprints and photographs were certified to this court. The fingerprints and the opinion of the expert witness that they were those of the defendant, and the photographs of defendant, in addition to the admission of identity, were convincing proof that defendant in the instant case was also the defendant in the prosecutions of 1938 and 1948.

We find no error in the admission of any of the evidence introduced by the State, including that of Judge Taylor. It was competent and proper and amply sufficient to sustain the verdict of the jury.

One other objection which defendant made to the admission of the judgment record of the Monroe County District Court conviction was that it was not signed by Judge Taylor as provided by section 604.38, Code of 1950. There is no merit to this objection. We have held that the statutory provision is directory only and that the failure to sign does not affect the validity of the judgment. State v. Hiatt, 231 Iowa 643, 647, 1 N.W.2d 736, and cases cited.

We have carefully considered all contentions of defendant and it is our conclusion that the judgment should be and it is— Affirmed.

All JUSTICES concur.