STATE OF IOWA, appellee, v. CHARLES W. HOUGHTON, appellant.

No. 49476.

(Reported in 93 N.W.2d 126)

NOVEMBER 18, 1958.

Don J. Wilson and Walter F. Maley, both of West Des Moines, for appellant.

Norman A. Erbe, Attorney General, Hugh V. Faulkner, Assistant Attorney General, Ray Hanrahan, Polk County Attorney, and Leo S. Ballard, Assistant County Attorney, all of Des Moines, for appellee.

HAYS, J.—From a conviction for operating a motor vehicle while intoxicated, second offense, defendant has appealed. The appeal is primarily concerned with identification of defendant as having been convicted of a similar offense.

The indictment alleges a conviction of defendant in the Des Moines Municipal Court on January 19, 1953, on a charge of operating a motor vehicle upon the public highway while intoxicated.

In support of this charge of a prior conviction, the State placed in evidence a certified copy of a judgment of the Des Moines Municipal Court, entered on January 19, 1953, against one Charles William Houghton for operating a motor vehicle while intoxicated. The judgment was entered under a plea of guilty and is known in the record as Exhibit D. Also, Exhibit A, being a fingerprint card of the defendant, taken by the Des

Moines Police on July 3, 1957, identified by the officer who took them, was received in evidence. Likewise admitted in evidence was Exhibit B. This exhibit is a fingerprint card of one Charles William Houghton, taken January 5, 1953, by the Des Moines Police and is identified by the officer who took them. Finally, Exhibit E was admitted in evidence. This is an arrest bulletin of the Des Moines Police Department, identified by the officer who made it out. It shows the arrest of one Charles William Houghton on January 5, 1953, on a charge of operating a motor vehicle while intoxicated. In connection with Exhibits A and B the State called one Carroll Dawson as a witness. He, testifying as an expert on fingerprints, stated that in his opinion the prints on Exhibits A and B were the prints of one and the same individual.

At the close of the State's evidence, motions to strike each and all of these exhibits, a motion for a directed verdict, and a motion to remove from the jury all allegations as to a prior conviction were made by defendant and overruled by the trial court.

The defendant appeared as witness in his own behalf. On cross-examination he stated he had been arrested in Polk County, Iowa, for operating a motor vehicle while intoxicated, about January 6, 1953, to which he pleaded guilty. He identified the signature "Chas. Houghton" on Exhibit B, and "Chas. W. Houghton" on Exhibit A as his signature. He also stated he had never been arrested for anything other than on July 2, 1957, and in January 1953. At the close of defendant's evidence the motions to strike the above named exhibits and to withdraw the allegation as to a prior conviction were made and overruled.

By failure to renew the motion for a directed verdict at the close of all of the testimony, and defendant having put in his testimony, the overruling of the motion at the close of the State's case cannot be reviewed and hence we do not have before us the question of no evidence to go to the jury, only the question of the sufficiency of the evidence to sustain the verdict. State v. Asbury, 172 Iowa 606, 154 N.W. 915, Ann. Cas. 1918A 856; State v. Kneedy, 232 Iowa 21, 3 N.W.2d 611; State v. Mart, 237 Iowa 181, 20 N.W.2d 63.

I. Error is assigned in the receiving in evidence Exhibits A, B and E.

■ ■ It is claimed Exhibits A and B are incompetent, irrelevant and immaterial; not properly identified; hearsay; and not the best evidence. State v. Seales, 245 Iowa 1074, 65 N.W.2d 448, is cited as authority for such a contention. An examination of this case shows such a factual difference with the instant case as to make it nonapplicable here. It is also claimed that Exhibit E was inadmissible in that it shows only an arrest and in no way tends to show a conviction or to connect defendant with the judgment set forth in Exhibit D. While it is true this exhibit, standing alone, proves little, it constitutes a link in the chain of facts and documents tending to show the identity of the person named in Exhibit D. State v. Gardner, 245 Iowa 249, 61 N.W.2d 458, is in many respects similar to the instant case and is authority for admitting the above exhibits. State v. De Bont, 232 Iowa 721, 273 N.W. 873, cited by appellant, is not in point.

■ It is further claimed that Exhibits A and B are inadmissible in that they violate section 622.14, Code of 1954. On cross-examination of the officer who took the fingerprints appearing on Exhibit A, he was asked if he asked defendant if he wanted his fingerprints taken. An objection as immaterial was sustained and this assigned as error. Appellant's claim is that prints are admissible only if freely given. Assuming this to be true, still we find no error here. Appellant made no offer of proof, State v. Billberg, 229 Iowa 1208, 296 N.W. 396, and furthermore, he, as a witness, stated: "Q. They didn't force you to put your hand down there, did they? They just held your hand and rolled it over? A. Yes." See also section 749.2, Code of 1954.

We find no error in the matters assigned. A review of the entire record shows ample evidence to sustain the verdict, and the judgment must be and is affirmed.—Affirmed.

All JUSTICES concur.