DELIA ESTABROOK, Appellant, v. RILEY & ARMIN, Appellees.

1. **Appeal:** ASSIGNMENTS OF ERROR: ARGUMENT. Errors assigned, but not argued upon appeal, will not be considered by the supreme court.

2. **Mechanic's Lien:** IMPROVEMENT OF WIFE'S PROPERTY BY HUSBAND: FORECLOSURE: DECREE. A decree foreclosing a mechanic's lien against a dwelling-house erected by the husband with his own means is not inconsistent with proof that the ownership of the ground on which such erection was made was in the wife at the date of said improvement.

*Appeal from Osceola District Court.*—HON. C. H. LEWIS, Judge.

TUESDAY, OCTOBER 28, 1890.

THE plaintiff is the wife of John Estabrook. John Estabrook purchased of the defendant lumber, and with it erected a house on premises belonging to his wife. The defendant thereafter filed its claim for a mechanic's lien against John Estabrook, and obtained a judgment, and the establishment of its lien against the building, and the land on which it was situated. The plaintiff in this suit was not a party to that. The premises were afterwards sold on execution issued on the judgment in which the lien was established, and purchased by the defendant firm. This proceeding is to set aside the judgment and sale on the ground that the plaintiff, Delia Estabrook, was the owner of the land on which the building was erected, and that John Estabrook had

no right or interest therein, and that she was not a party to, nor had she knowledge of, the proceeding in which the lien on the premises was established. The district court so modified the decree as to exempt the land from its operation, but maintained it as to the building, and directed a special execution for its sale to satisfy the judgment and costs. From the judgment of the district court, the plaintiff appealed.

*D. D. McCallum*, for appellant.

*O J. Clark*, for appellees.

GRANGER, J.—Errors are assigned, and, as we understand, the cause is before us for trial thereon.

I. The fourth assignment, as to the admission of evidence, is not argued and hence cannot be considered. *Wood v. Hallowell*, 68 Iowa, 377; *Woods v. Whitton*, 66 Iowa, 295. The point has been often ruled.

1. APPEAL: assignments of error: argument.

II. It should be kept in mind that this proceeding assails the judgment by which the lien is established against the property in a suit against John Estabrook. It was determined in that proceeding that John Estabrook had such an interest that the lien was valid and enforceable. Delia Estabrook, not being a party to that suit, institutes this, averring and assuming the burden of proving that John Estabrook had no such interest as would justify the decree entered against the premises, and to that end she says in her petition ( paragraph 2 ) " that John Estabrook never had any right, title or interest in fee simple or otherwise, either in law or in equity, in and to said land." It is stipulated in this suit that, at the time the lumber was purchased, the plaintiff was the owner of the land on which the house was built, but the stipulation goes no further. There is no stipulation, nor is there a word of proof, that John Estabrook had not such an interest, at least in the building, as would justify the lien, and

2. MECHANIC'S lien: improvement of wife's property by husband: foreclosure: decree.

the judgment for its enforcement.   Such a lien is given to every person who shall furnish material for any building upon land by virtue of any contract with the owner, his agent, etc., for his materials upon such building and the land belonging to such owner.   Acts, 16th Gen. Assem., sec. 3, ch. 100.   Section 10 of the same chapter provides that "every person for whose immediate use or benefit any building * * * is made * * * shall be included in the word 'owner' thereof."   Hence, if John Estabrook had such a right or interest in the land that the house was erected for his immediate use or benefit, he was such an owner as the law contemplates for making contracts to be followed by a mechanic's lien.   We need not say that the ownership extends beyond the building itself, nor even that he owned the building, beyond the fact that it was erected for his immediate use or benefit.   It must be assumed that the judgment establishing the mechanic's lien has the proper facts for its support, until the contrary is shown.   Such a right or interest in the land that the house could be erected for the immediate use or benefit of John Estabrook is by no means inconsistent with the title or ownership of the land being in the plaintiff; and the mere proof of such ownership by the plaintiff does not disprove the facts giving rise to a lien through a contract with John Estabrook.   That one person might own land, and another legally erect a building thereon for his own use or benefit, would not be questioned.   In such a case the beneficiary is the owner under the provisions of the law as to mechanics' liens.

We need not pursue this case further.   It is simply a case of failure of proofs.   With the state of this record, it is at least a matter of doubt if the judgment as originally entered was not valid.   The defendant does not appeal, and hence the judgment cannot be modified in its favor, and we need not consider the point.

The judgment below is AFFIRMED.