STATE OF IOWA, Appellee, v. HENRY MARX et al., Appellants.

CRIMINAL LAW: Sentence—Punishment-increasing Statute. A
1   statute which increases the punishment for an existing offense is not applicable to a violation occurring prior to the enactment of the punishment-increasing act. (See Book of Anno., Vol. 1, Const. of Iowa, Art. 1, Sec. 21, Anno. 2 *et seq.*)

**INTOXICATING LIQUORS:** Nuisance—Evidence—Sufficiency. A con-
2  viction for maintaining a nuisance cannot be sustained on evidence
   which simply shows that the accused was on the premises of one
   who was engaged in the unlawful manufacture of intoxicating
   liquors, and was probably there for the purpose of buying liquors.

**CRIMINAL LAW:** Trial—Instructions—Explaining Punishment. The
3  practice of instructing juries as to the punishment provided for an
   offense when the jury has nothing to do with such punishment is
   again disapproved.

Headnote 1:  16 C. J. p. 1362.  Headnote 2:  33 C. J. p. 770. Headnote
3:  16 C. J. p. 1026; 17 C. J. p. 345.

*Appeal from Plymouth District Court.*—WILLIAM HUTCHINSON,
Judge.

OCTOBER 27, 1925.

INDICTMENT for the crime of liquor nuisance.  Defendants
on separate trials were convicted, and from judgments entered
they appeal.—*Reversed.*

*T. M. Zink,* for appellants.

*Ben J. Gibson,* Attorney-general, and *B. J. Flick,* Special
Counsel, for appellee.

DE GRAFF, J.—Henry Marx and Ben Kauffman were
jointly indicted for the crime of maintaining a liquor nuisance.
The indictment charged that, at a certain time and place, they
did "unlawfully erect, establish, continue, and use a building,
erection, and place, with the intent and for the purpose then
and there and therein to manufacture intoxicating liquors, and
did then and there and therein unlawfully and illegally manu-
facture intoxicating liquors."

A second count in the indictment charged the crime of
bootlegging; but, upon the conclusion of the evidence, the trial
court, on motion of defendants respectively, directed the jury
to return a verdict of "not guilty as to this count, for the rea-
son there is not sufficient evidence introduced upon the trial
to convict of the crime of bootlegging."

The defendants were tried separately, but the evidence in

each case is substantially the same, and an abstract of record in common has been filed on this appeal.

I. At the outset, it may be stated that the judgments entered on the verdicts are erroneous. The defendants were committed to the county jail for six months, and to pay their respective costs. This penalty was not prescribed by the statute for the alleged offense when committed. The statute then in force provided that, upon conviction of the crime of liquor nuisance, a defendant "shall pay a fine of not less than $300 nor more than $1,000 and costs of prosecution, which shall include a reasonable attorney's fee to be taxed by the court, and stand committed to the county jail until such fine and costs are paid." Section 2384, Code of 1897. The defendant was sentenced under Section 1930, Code of 1924, which was not in force and effect when the offense charged was committed. The fortieth general assembly, extra session, amended Section 2384 by adding to the penalty for liquor nuisance, as therein prescribed, the following language:

1. CRIMINAL LAW: sentence: punishment-increasing statute.

"Or be imprisoned in the county jail for a period of not less than three months nor more than one year, or be punished by both such fine and imprisonment." Section 1930, Code of 1924.

No jail sentence was permissible at the time of the commission of the offense which was charged in the indictment, and for which the defendants were convicted. The penalty inflicted must be as prescribed by statute at the time of the commission of the criminal act, and not subsequently thereto. Punishment may not be inflicted when to do so would give the statute a retroactive effect. Instructions which would permit the conviction of a defendant on proof of the commission of an act which was not prohibited by law when done, are erroneous. *State v. Jacobs,* 75 Iowa 247. In the case at bar, the new punishment could not be imposed. It is quite generally held that, in case of a change in the kind of punishment, a statute cannot be made operative where the new punishment is not clearly in mitigation of the old. 12 Corpus Juris 1101, 1102. This cause, however, in the absence of reversible error, can be remanded for the entry of a proper judgment. Is the record free from error?

II. Does the evidence sustain the verdict? This is the

primary question on this appeal. The record facts are brief, and are not in dispute.

The arrest of these defendants occurred about midnight on October 24, 1924, in the farmyard of the premises occupied by one John Ostert. No previous association of the defendants with Ostert is shown. They had never been seen at Ostert's before. Apparently the defendants had driven by automobile from Le Mars, where they resided, to the Ostert place the same evening, as they had been previously seen by the arresting officers on the streets of Le Mars about 10:30 P. M. At the time of their arrest, the defendants were a short distance from the Ostert barn, and near the Kauffman automobile. As to when they arrived at the place, the record is silent. Marx was walking toward the barn, with four empty jugs in his hands. Some empty glass jugs were found in the car. Kauffman was standing eight or ten feet from Marx. He was not doing anything. One of the officers testified:

2. INTOXICATING LIQUORS: nuisance: evidence: sufficiency.

"I did not see Marx have anything to do with the business, and do not know to whom the jugs belong. He was out there, and that is all I saw."

No other persons who assisted in conducting the raid testified to any fact which would tend to connect Marx or Kauffman with the manufacture of liquor on the farm occupied by Ostert. There were some empty jugs outside the barn, and two five-gallon jugs of intoxicating liquor; but with these containers, or the thing contained, it is not shown that either of the defendants had any connection, ownership, or control. There was an automobile air pump seized by the officer, and later claimed by Kauffman. It is not shown that it was used as a part of the equipment, but it was stated by one witness that it could be used on the pressure tank in manufacturing liquor.

It is shown conclusively that Ostert was maintaining a liquor nuisance. In his barn there were found "three stills in operation, about thirty gallons of intoxicating liquor, some empty jugs, and three mash tanks." These things were on the premises occupied by John Ostert. It was "his place of residence; it was his home." Under these facts, may it be said that these defendants established and were using a place for the

manufacture of intoxicating liquor? This is the specific offense charged, and it must be proved beyond a reasonable doubt. With the guilt or innocence of John Ostert, who leased and occupied the premises and presumably owned the equipment, we are not concerned.

What tangible fact or permissible inference from the facts, viewed individually or collectively, proves or tends to prove that the defendants were maintaining a place for the purpose of manufacturing liquor, or aiding or assisting therein? The only inference that may be drawn from the evidence is that the defendants resorted to a place where intoxicating liquor was manufactured, for the purpose of buying and transporting intoxicating liquor.

Undoubtedly, the intent of the legislature in the enactment of the liquor nuisance law was to prevent the maintenance of places to which persons may go for the purpose of commerce in intoxicating liquors. However, the resorting to a place in which intoxicating liquor is manufactured or kept, for the purpose of purchasing same, is not a necessary element of the crime of nuisance, as defined by statute. *State v. McEnturff*, 87 Iowa 691. Nor may it be said, when the evidence in a case discloses that such resorting is the only act that connects a defendant with the maintenance of a liquor nuisance, that his guilt of the major charge is established. The mere presence of these defendants on the premises of John Ostert creates no presumption against them; and, in the absence of some proof of their connection with the place in question, or its use for the unlawful purpose as charged, a conviction cannot stand.

III. Complaint is made that the court, in the instructions to the jury, quoted the penalties provided by law for the violation of the liquor statutes bearing on the crime charged. We do not approve of this practice. There is no good reason for stating in the charge the penalties authorized for the given offense, when the punishment is not fixed by the jury. We have frequently held, however, that this does not constitute reversible error. *State v. Reid*, 200 Iowa 892, with cases cited.

3. CRIMINAL LAW: trial: instructions: explaining punishment.

Although the defendants were tried separately, the abstract of record filed in this court is common to both cases. The same

witnesses were used, and the evidence is practically the same. Both defendants were sentenced under the provisions of the same statute, which, as pointed out, was not in force at the time the crime is alleged to have been committed.

Since a reversal is ordered as to both appellants, we deem it unnecessary to enter upon brief points urged in the Marx case that were not in common with the Kauffman case. These have to do with challenges to jurors in the Marx case. We may well assume that the propositions urged, but not determined on this appeal, will not recur in the event of a retrial.

For the reasons indicated, the judgments entered as to both appellants are—*Reversed*.

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.