COLUMBUS (City) v. CARSON

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1498. Decided Feb. 3, 1927.

49. AFFIDAVIT—661. Intoxicating Liquor—Affidavit, charging third offense, must charge previous convictions.

Error to Common Pleas.

Judgment affirmed.

Charles Leach and Baxter Evans, Columbus, for City.

Paul M. Herbert, Columbus, for Carson.

FERNEDING, J.

In the Municipal Court, the defendant in error was charged, under the following affidavit, with the illegal possession of intoxicating liquor:

"Henry H. Howell, being first duly cautioned and sworn, deposeth and saith, that one Oliver Carson, on or about the 18th day of October, 1925, at the City of Columbus and County of Franklin and State of Ohio, did unlawfully possess certain intoxicating liquor, to wit: whiskey for beverage purposes, making the third offense, contrary to the ordinance of said city in such cases made and provided, and further deponent saith not."

The ordinance, under which the prosecution was had, provided for different penalties in cases of first, second and third offenses. Upon a trial in the Municipal Court, the defendant in error was convicted, as charged in the affidavit and was sentenced to imprisonment in the workhouse for a period of six months and to pay a fine of $500 and costs. This was in excess of any penalty authorized for a first or second offense and was justified only by the provisions of the ordinance for a third offense.

The defendant in error filed a motion to quash the affidavit, particularly in respect to the third offense. This motion was overruled. In the Court of Common Pleas, the conviction was sustained, but the sentence was held to be illegal and cause remanded to the Municipal Court for re-sentence as for a first offense. The City of Columbus prosecutes error.

The question is whether the affidavit in question is good as to a charge for a third offense, as against the motion to quash the affidavit.

In the case of Blackburn v. State, 50 OS. 436, which was a felony charge under the habitual criminal act, the court held that the indictment "should set forth the two prior convictions, and the sentence of the prisoner to some penal institution on account thereof." The prosecution in the Blackburn case was in harmony with the habitual criminal act and may not be fully applicable to the case under consideration. The present case is a prosecution under a municipal ordinance which provides for certain penalties for unlawful possession of intoxicating liquors for first, second and third offenses. The affidavit, it is true, is in harmony with the ordinance.

Under the authority of Carey v. State, 70 OS. 121, it was held "That the term 'second offense' means second conviction." In reading this ordinance, as well as the statutes upon the same subject, the words "second offense" or "third offense" mean second conviction or third conviction, as the case may be.

This brings us to the case of Larney v. City of Cleveland, 34 OS. 599, in which it was held that where the ordinance provides a different penalty for a second or subsequent offense, the affidavit or information must, in order to justify the higher penalty, expressly charge a second or subsequent offense.

Taking into consideration the fact that the word "offenses," used in the indictment, means "convictions" we think it is a reasonable requirement that the affidavit in question, in order to be good against a motion to quash, should at least show the previous convictions, the approximate dates thereof, the court or courts where the convictions were had, if more than one court has jurisdiction, and, in general terms, the identity of offenses.

The Court of Common Pleas, in our judgment, properly vacated the sentence of the Municipal Court and remanded the case for re-sentencing as a first offense.

(Allread and Kunkle, JJ., concur.)