## COLLINS v. STATE OF INDIANA

[No. 28,223. Filed October 31, 1946.]

*Gilbert W. Butler*, of Martinsville, for appellant.

*James E. Emmert*, Attorney General, *Frank E. Coughlin*, First Assistant Attorney General, and *George W. Hadley*, Deputy Attorney General, for the State.

O'MALLEY, J.—The appellant was charged by affidavit with unlawfully selling alcoholic beverages. He entered

a plea of "not guilty" and having waived a jury, trial was had before the court. At the conclusion of the evidence the court adjudged the appellant guilty as charged, and after overruling the motion for a new trial, sentenced him to the Indiana State Farm for a period of 90 days and fined him in the sum of $10.00. The over-ruling of the motion for a new trial is the assigned error.

There was evidence that on the 24th day of February, 1946, the appellant sold a bottle of "Seagram Whiskey" to the prosecuting witness for the sum of $7.00; that the sale took place at the home of the appellant in Brooklyn, Morgan County, Indiana; that the appellant did not have a permit or license to sell intoxicating liquors; and that the product so sold was intoxicating liquor.

It is true that the appellant denied making the sale and that witnesses testified that the prosecuting witness did not go to the home of appellant on the day on which the sale was charged as having been made.

The conflict thus created was for the determination of the trial court. On appeal, the applicable rule is correctly stated in *Swope* v. *State* (1942), 220 Ind. 40, 42, 39 N. E. (2d) 947, where it is said:

> "In passing upon the sufficiency of the evidence, this court will consider only that evidence most favorable to the State."

The appellant claims that it was incumbent on the State of Indiana to prove that the prosecuting witness was not a guest of the applicant. With this claim we cannot agree. The affidavit does contain the negative of this claim, but that was not a necessary allegation, nor would the appellant have been entitled to an acquittal even if it had been proved that the purchaser was his guest. In the absence of a permit or license, the statute does not authorize sales of intoxi-

cants to guests. See § 12-605, Burns' 1942 Replacement. There is ample evidence on which to base the decision of the court.

The statute above referred to plainly states the limits within which the lower court must act in determining the sentence to be imposed. In applying this statute, through inadvertence, the court incorrectly sentenced the appellant to a greater number of days than is permitted under the applicable section.

It has been held that the fact that the sentence is excessive cannot be reached by a motion for a new trial. See 15 Am. Jur., p. 118 (Criminal Law, § 460). However, there is no unanimity of opinion in the various jurisdictions. In some, the writ of *habeas corpus* is available to effect a release but in this state there seems to be no effective relief except in the pardoning power. *Hunnicutt* v. *Frauhiger* (1927), 199 Ind. 501, 158 N. E. 572; *Kunkel, Warden* v. *Moneyhon* (1938), 214 Ind. 606, 17 N. E. (2d) 82. Under the circumstances in this case, the judgment can be modified and brought within the limits fixed by the Legislature. See 76 A. L. R. 476 (§ III, Excessive Sentence).

There was no error in overruling the motion for a new trial, but on account of the incorrectness of the sentence, the cause is remanded for the sole purpose of imposing sentence in conformity with § 12-605, Burns' 1942 Replacement.

NOTE.—Reported in 69 N. E. (2d) 173.