(No. 29940.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HOWARD LUECKFIELD, Plaintiff in Error.

*Opinion filed March 19, 1947.*

HOWARD LUECKFIELD, *pro se.*

GEORGE F. BARRETT, Attorney General, and BYRON PIPER, State's Attorney, of Effingham, for the People.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

On March 29, 1939, defendant, Howard Lueckfield, was sentenced, in the circuit court of Effingham county, to the penitentiary for an indeterminate term of from one to twenty years, on his plea of guilty. He seeks to reverse that judgment by this writ of error, appearing *pro se.*

The indictment charged defendant with the larceny of a motor vehicle of the value of $500. Under repeated decisions of this court such an indictment has been held not sufficient to charge the specific offense of larceny of a

motor vehicle under paragraph 168a of the Criminal Code. (Ill. Rev. Stat. 1937, chap. 38, par. 388a.) It is sufficient, however, to sustain a charge of grand larceny under the general larceny section. (*People* v. *Huber,* 389 Ill. 192; *People* v. *Brown,* 383 Ill. 287.) The penalty for the offense of grand larceny is imprisonment in the penitentiary for a term of not less than one nor more than ten years.

It is conceded by the Attorney General that the sentence imposed on defendant is erroneous. While defendant urges that he is entitled to an absolute reversal, the People submit that the judgment should be reversed and the cause remanded, with directions that defendant be resentenced for the term fixed by statute for grand larceny, *i.e.,* one to ten years.

The ground for defendant's contention is that he has already served more than seven years of his sentence and is entitled to discharge when consideration is given to "good time" earned. This contention cannot be sustained. Ordinarily, where the court enters an erroneous sentence and no errors intervene preceding the sentence, the cause should be remanded to the trial court with directions to enter a proper sentence. (*People* v. *Brown,* 383 Ill. 287; *People* v. *Montana,* 380 Ill. 596.) And we have held this rule is not changed even though the defendant has served a substantial part of his erroneous sentence. (*People* v. *Wilson,* 391 Ill. 463; *People* v. *Atkinson,* 376 Ill. 623.) Under the law of this State, the authority to pardon or parole is vested in another department of the government, and the judiciary has no right to usurp this power. *People* v. *Wilson,* 391 Ill. 463.

The judgment will be reversed and the cause remanded to the circuit court of Effingham county, with directions to enter a proper sentence.

*Reversed and remanded, with directions.*