STATE OF IOWA, appellee, v. WM. R. HIGGINS, appellant.

## No. 47433.

(Reported in 39 N.W. 2d 599)

NOVEMBER 15, 1949.

REHEARING DENIED JANUARY 13, 1950.

J. I. Hossack, of Spencer, and W. B. Bedell, of Spirit Lake, for appellant.

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, and Paul I. Namtvedt, County Attorney, for appellee.

BLISS, J.—The defendant, as a witness for himself, admitted that he was driving his automobile at the time and place charged in the indictment. There was substantial evidence that he was intoxicated at the time. The clerk of the district court of Dickinson County, Iowa, identified Judgment Record Book No. 19 of that court, and page 525 thereof, in which the judgment entry in the case of State of Iowa, plaintiff, v. Wm. R. Higgins, defendant, was filed and recorded on August 20, 1946, showing that the defendant therein was charged on a county attorney's information with operating a motor vehicle while intoxicated, to which charge he appeared in person and by his attorneys, waived arraignment, stated that he was rightly named, pleaded guilty as charged, and requested the pronouncement of sentence at that time, and the court, Judge Harry E. Narey, presiding, found the defendant guilty as charged and entered judgment thereon accordingly against the defendant.

It was stipulated in the trial of the cause on appeal before us by the parties that if Judge Narey were present he would testify to the matters stated in the recorded judgment, and that

the William R. Higgins therein named is the same person as the defendant on trial.

■ I. Defendant complains on appeal that the trial court erred in not sustaining his motion for a directed verdict and to withdraw the charge of second offense, filed at the close of the plaintiff's main case, and renewed at the close of all of the evidence, for the reason that there was no evidence received of the first conviction when the State rested its main case, and that the record of it did not show that the court had jurisdiction of the first offense.

There was no error in the denial of the motion when first made or upon its renewal. We find no merit in either ground urged for a sustaining of the motion. The evidence of the first conviction was the best evidence—the original judgment record of the conviction by the same court which received it in evidence. Section 622.52, Code of 1946, and I.C.A. In addition there was the stipulation that the judge who rendered the judgment, if present as a witness, would testify to the verity of the matters stated in the recorded judgment.

■ With respect to the second ground, namely, that the recorded judgment of the first offense and conviction did not show that the court had jurisdiction, there is also no merit. The judgment shows on its face that it is a judgment of the District Court of Dickinson County, Iowa, a court of general jurisdiction with respect to the subject matter, to which court the defendant appeared and submitted his person. We have held that a judgment duly entered and recorded has the proper facts for its support until the contrary is shown. Estabrook v. Riley & Armin, 81 Iowa 479, 481, 46 N.W. 1072, 1077, 10 L.R.A. 33. It is also generally held that such a judgment is presumed to be valid and that the court from which it emanates had jurisdiction of both the subject matter and of the parties as well. 31 Am. Jur., Judgments, sections 413, 414, 415, 416; 49 C.J.S., Judgments, section 132.

The judgment of conviction was not appealed from by the defendant.

The judgment is—Affirmed.

All JUSTICES concur.