STATE OF IOWA, appellee, v. WILLIAM EDWARD BARLOW, appellant.

No. 47657.

(Reported in 46 N.W.2d 725)

MARCH 6, 1951.

REHEARING DENIED May 11, 1951.

Batschelet & Thompson, of Guthrie Center, and Welch & Welch, of Logan, for appellant.

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, and Walter A. Delahoyde, County Attorney, for appellee.

. MULRONEY, J.—The information in this case accused the defendant "of the crime of third offense of operating a motor vehicle while intoxicated" and charged that: "The said William Edward Barlow, on or about the 5th day of August, A.D. 1949, in the County of Guthrie and State of Iowa, did operate a motor vehicle while in an intoxicated condition upon the public highway of Guthrie County, Iowa, contrary to section 321.281 of the 1946 Code of Iowa, defendant having twice previously been convicted of violating section 321.281 of the 1946 Code of Iowa, for that on or about September 18, 1946 said defendant was first convicted of operating a motor vehicle while intoxicated upon the public highways of Polk County, Iowa, said conviction recorded in book 90, page 296, in the municipal court records in and for the city of Des Moines, Polk County, Iowa. And that on or about the 4th day of September 1947 said defendant, William Edward Barlow,

was convicted on a charge of operating a motor vehicle upon a public highway while in an intoxicated condition, second offense in the District Court of Dallas County, Iowa, said conviction being recorded in book 54, page 65, of the district court records of Dallas County, Iowa."

The jury found defendant guilty of the main charge and that he "has been twice heretofore convicted of the same offense." The trial court sentenced defendant to three years in the penitentiary and he appeals, asserting (1) insufficiency of the evidence to support the verdict (2) error in overruling a motion for continuance (3) errors with respect to the admission of evidence and instructions to the jury concerning prior convictions, and (4) error in the giving of an instruction to the jury after they had failed to agree after about twenty-two hours deliberation.

■ I. The evidence supports the verdict finding defendant guilty of driving while intoxicated in Guthrie County on August 5, 1949. We need not review all of the evidence. It is admitted defendant was driving a car on a street in Menlo, Guthrie County, Iowa, when he was stopped and arrested by a highway patrolman. The only dispute is as to whether the defendant was intoxicated at the time. The highway patrolman took him to the mayor's office in Stuart where the preliminary information was signed by the patrolman. The patrolman and sheriff and some other officers who saw him that evening said that in their opinion he was intoxicated. Other town officers of Stuart and Menlo who saw him that evening said he was not intoxicated. Of the other citizens of Stuart and Menlo who saw him on that late afternoon and evening some said he was intoxicated and others said he was not. The issue was for the jury.

■ II. The record indicates this was a second trial; that the first had resulted in a jury disagreement. The defendant placed a subpoena for Mrs. Graf, the mayor of Stuart, in the sheriff's hands a few days before the trial but the sheriff was unable to serve it as the mayor was in New Orleans on vacation. The defendant's counsel thereupon made a motion for continuance supported by his affidavit that if called as a witness the mayor would testify she saw the defendant at about seven o'clock on August 5, 1949, and that in her opinion he was not intoxicated; that she saw him again about nine or ten o'clock that evening and

that he was not intoxicated at any time on the evening of August 5, 1949; that she heard someone ask him to take a blood test, and she said "Why don't you have one Eddy?" and he replied to the effect that there was no use taking a blood test because he had been drinking and his system was saturated with it, but he had not been drinking that day; that in her opinion the defendant had a hangover.

Mrs. Graf was a witness for the State in the former trial. The State consented that all of her testimony given in the former trial could be introduced in the second trial and thereupon the motion for continuance was overruled. Mrs. Graf's testimony in the former trial was introduced by defendant. The provisions of the Rules of Civil Procedure relative to continuances of civil causes are applicable to the continuance of criminal actions. Section 780.2, Code, 1950. It is enough to say we subscribe to the general rule of all the cases as stated in 17 C. J. S., Continuances, section 54:

"It is not error to deny a continuance on the ground of the absence of a witness whose testimony is in the record of the trial of a companion case, or in a former trial of the case, and available to the parties pursuant to a stipulation signed by them."

Here the record shows no stipulation, but the county attorney agreed that the mayor's former testimony could be used and in any event the transcript of her testimony in the former trial would be available to either party on the retrial. Section 622.97, Code, 1950.

III. We can dispose of the last error asserted quickly. After the jury had been out twenty-two hours the trial court on his own motion called the jury into the courtroom and gave the jury the identical instruction which was given in State v. Bogardus, 188 Iowa 1293, 176 N.W. 327, after the jury in that case had deliberated thirty hours. As said in State v. Bogardus, such an instruction is not always appropriate and whether it should be given or not rests largely within the sound discretion of the trial court and the circumstances of each case. The first trial of this case had ended in disagreement. Before the court gave the instruction he asked the forewoman if she thought there was any possibility of agreement and she replied: "We haven't given up

718

yet." There was no reversible error in the giving of this instruction.

IV. The information charges two prior convictions of driving while intoxicated—one in Polk County and one in Dallas County. There was sufficient and proper proof to support the finding as to the Dallas County conviction. A copy of page 69 of record book No. 54, certified by the clerk of Dallas County to be correct, containing the complete judgment entry showing the conviction on September 4, 1947, of William Edward Barlow of the crime of driving a motor vehicle while intoxicated, was introduced by the State. This is exactly as pleaded (except the information alleges the record is on page 65) and in conformity with the statute, section 622.52, Code, 1950. The sheriff of Dallas County, who arrested the defendant on the Dallas County charge, testified that he knew of his own personal knowledge that the defendant here was the same defendant who "was convicted of O.M.V.I. in Dallas County on September 4, 1947."

V. The evidence to support the finding as to the Polk County conviction is, we feel, insufficient. As will be noted the information alleged that this conviction was "recorded in book 90, page 296, in the municipal court records in and for the city of Des Moines, Polk County, Iowa." The clerk of the municipal court of Des Moines identified Exhibit 1 as being "an order of Ralph D. Moore, Judge of the Municipal Court of the city of Des Moines in the case of State of Iowa v. William E. Barlow on the charge of operating a motor vehicle while intoxicated." He then said: "I received this order from Judge Moore and upon receiving it, it is then journalized and carried as a record and entered on the indictment combination docket. I have that docket with me, it is on page 190." He then went on to read from Exhibit 2 which was page 190 of Indictment Combination Docket No. 2 containing all of the clerk's entries showing the title of the case, the attorneys, process issued, bond filed, etc. Under the heading "Proceedings" appear the notations "plea of guilty. Fine $300.00 or 90 days in jail" and then: "Journal 90 page 296." The clerk then testified that this journal No. 90 was the record book where the copy of the original order was spread but that he did not have that book with him and it was never introduced in evidence. The defendant objected to the exhibits and the clerk's testimony as

incompetent, irrelevant, immaterial, and not the best evidence. The court overruled the objections. .

The objections should have been sustained. As pointed out in State v. Koenig, 240 Iowa 592, 36 N.W.2d 765, the statutes provide the municipal court clerk shall keep a "record book" in substantially the same form as the clerk of a district court. Here it is apparent the clerk kept such a book where the judgment was spread upon a page of that book. The prior offenses which section 321.281, Code, 1950 provides shall increase the penalty mean offenses that have been legally ascertained and determined —synonymous with convictions or judgments obtained in prior actions against the defendant for violation of the said statute. 29 Words and Phrases, Perm. Ed. 216; ibid. Vol. 9, page 609; State v. Smith, 129 Iowa 709, 106 N.W. 187, 4 L.R.A., N.S., 539, 6 Ann. Cas. 1023. It was the State's burden to prove the prior convictions beyond a reasonable doubt. State v. Lowe, 235 Iowa 274, 16 N.W.2d 226.

A review of the opinions of this court leaves no doubt at all that if the State seeks to prove a former conviction by the court record then the proper proof and the best evidence is the original court record of the judgment or a copy thereof certified to by the clerk. State v. DeBont, 223 Iowa 721, 273 N.W. 873; State v. Higgins, 241 Iowa 244, 39 N.W.2d 599; section 622.52, Code, 1950.

A great many of our earlier decisions are reviewed in State v. Wieland, 217 Iowa 887, 897, 251 N.W. 757, 761, and the conclusion there reached is:

"In view of our former rulings, we are constrained to hold that, under the statutes and the decisions of this state, there is no judgment until it is entered in the judgment 'record book' kept by the clerk for that purpose. That such is the settled law of this state in civil cases cannot be questioned. Appellee contends that the term 'judgment' has a different meaning in criminal actions. This court has applied the same rule in criminal cases, and we have so held in the cases referred to. We therein held there is no judgment until it has been entered upon the court's 'record book' as provided by statute. The announcement by the judge as to what sentence will be imposed upon a defendant is not the formal

pronouncement of the *court* until it is entered in the court's 'record book'; until the sentence pronouncement by the judge, as an officer of the court, has been so entered by the clerk, the judgment of the court is not final. The clerk is also an officer of the court, and the entry of the conclusion of the judge in the court's 'record book' by the clerk is necessary to give the judgment vitality. Until that time there exists no *evidence* of the judgment, and therefore until the entry is so made in the court's 'record book' there is no judgment. This has been so repeatedly held in our cases that we are not disposed to change the rule at this time."

We can say here, as we said in the Wieland case, that the rule that there is no final judgment until the judgment is spread on the record book "has been so often reiterated by this court that we deem it unnecessary to discuss the reasons therefor." The reason for such a rule of proof is considered and its necessity emphasized in the many quotations from our decisions in the Wieland opinion.

It does not seem too great a burden to ask the State to prove what it pleads. It pleaded in the information the book and page where the judgment could be found. Its proof to support this allegation is not the record of that book and page as section 622.52, Code, 1950, and an unbroken line of authorities in this state command. Its proof is merely the oral testimony and written memorandum of the clerk that such a record of a judgment will be found at said book and page. The evidence was wholly insufficient to prove the Polk County prior offense. With insufficient evidence to prove that there was a conviction against one William Edward Barlow for operating a motor vehicle while intoxicated in Polk County, we need not explore the question of whether the evidence of identity of this defendant with that conviction was sufficient.

VI. Defendant in his argument seems to assume that such an error as failure of proof of a prior offense requires a reversal of the whole case. There is authority for such a conclusion. See People v. McDonald, 233 Mich. 98, 206 N.W. 516. But there is much authority for the rule that upon a finding of failure of proof of a prior offense the entire judgment need not be reversed and the case may be remanded for proper sentence without including or considering such prior offense.

The statute, section 321.281, Code, 1950 merely provides for increased punishment for second and third offenses. The trial court in instruction 12 was careful to instruct the jury that the charge of prior offenses had nothing to do with the charge of operating a motor vehicle while intoxicated in Guthrie County; that the jury was not to consider the evidence of the former convictions until after they had first determined whether defendant was guilty of the Guthrie County offense. The court submitted four forms of verdict allowing the jury to find (1) that defendant was guilty of the Guthrie County offense and "that he has been twice heretofore convicted of the same offense" (2) that defendant was guilty of the Guthrie County offense and "that he has been once heretofore convicted of the same offense" (3) that defendant was guilty of the Guthrie County offense, and (4) that defendant was not guilty. The jury found the first verdict—that he was guilty of the Guthrie County offense and that he had twice been convicted of the same offense. Such a verdict is a unanimous finding of two things: (1) that defendant was guilty of the Guthrie County offense and (2) that he had been twice previously convicted of the same offense. The first is a finding of guilt that subjects the defendant to the penalty of the law, to be imposed by sentence of the court. The second goes only to what penalty the court should or could impose *upon the verdict of guilt or first finding.* The second finding merely amounts to directions to the sentencing judge with respect to the penalty to be imposed. If there is error therein or the evidence is insufficient to support all or a part of the second finding we see no reason why the cause cannot be remanded for proper sentence, so long as the sentence is not increased.

In 24 C. J. S., Criminal Law, section 1950(2), the rule is stated: "Ordinarily, where there is reversible error only in the sentence, judgment, or order of commitment of accused * * * the reviewing court may remand the cause for the imposition of a proper sentence * * *."

In City of Columbus v. Carson, 23 Ohio App. 299, 303, 155 N.E. 498, 499, the defendant was tried and convicted in municipal court of a third offense of possession of intoxicating liquor and the sentence imposed would only be justified by the provision of the ordinance for a third offense. Upon appeal it was

held the charge was insufficient for failure to properly allege the previous convictions, the approximate dates thereof and other data with respect to the prior offenses. The holding of the Ohio Court of Appeals was that the court of common pleas "properly vacated the sentence of the municipal court and remanded the case to the latter court for resentencing as a first offense."

In People v. Carrow, 207 Cal. 366, 368, 369, 278 P. 857, 858, "the jury found the defendant guilty as charged [receiving stolen property] and also that he had suffered a prior conviction." The defendant was sentenced as a second offender but upon appeal the California Supreme Court held the evidence insufficient to support the verdict as to the charge of prior conviction. Whereupon the court stated: "* * * although the portion of the verdict relating to a prior conviction was unauthorized, it does not follow that a new trial must be granted. The verdict that the defendant had suffered a prior conviction is severable from that portion finding him guilty of receiving stolen property."

The disposition was a remand for new trial unless that portion of the indictment charging prior conviction be dismissed, and sentence be imposed as for first offense.

In State v. Ruble, N.D., 40 N.W.2d 794, 803, where there was neither pleading nor proof of the prior offense but the defendant was sentenced as a second violator of the statute prohibiting operating a motor vehicle while his license was suspended, the supreme court held "* * * that the case must be remanded with directions that the trial court set aside the judgment appealed from and pronounce sentence and render judgment conformable to the law as upon the conviction of the defendant of the crime charged in the information as a first offense." (Citing cases.)

In People v. Shaw, 137 Cal. App. 533, 537, 30 P.2d 1031, 1033, the defendant pleaded guilty to possession and ownership by a convict of a concealable firearm and admitted three prior convictions of felonies and was sentenced to life imprisonment. The defendant appealed and the court held that of the former offenses alleged in the information only two were felonies within the habitual criminal statute. The opinion holds:

"The judgment appearing in the clerk's transcript recites that defendant had suffered three prior convictions, which if en-

forced would require him to remain in the penitentiary for the remainder of his life without right of parole. This portion of the judgment is erroneous as it is apparent that defendant suffered but two prior convictions and imprisonments which can be considered and that defendant should be entitled to apply for parole after having served twelve years. Under authority of People v. Arnest, supra, and People v. Vaile, supra, that portion of the judgment finding defendant an habitual criminal with three prior convictions should be reversed and the balance of the judgment should be affirmed. Under the authority of the cases just cited defendant must be returned to the Superior Court of Fresno County and resentenced. The judgment should find that he is an habitual criminal who had suffered two prior convictions of felonies with resulting terms in state prisons or penitentiaries."

In State v. Smith, 129 Iowa 709, 717, 106 N.W. 187, 190, 4 L.R.A., N.S., 539, 6 Ann. Cas. 1023, the defendant was indicted for larceny from a building in the nighttime and the indictment charged two prior convictions: one of burglary and one of breaking and entering a dwelling house in the daytime. The jury found the defendant guilty and by special findings found the prior convictions which under the statute authorized the increased punishment which the court imposed. Upon appeal the court pointed out that the proof of identity of the defendant with the defendant in the former convictions was wholly lacking and then stated:

"If the excessive punishment imposed upon this defendant were all, we should not feel called upon, in view of the statute, to grant a new trial. Such error could be corrected by reducing the sentence to a term that would be in compliance with the statute."

The case was reversed for other errors.

The above statement is of course dictum, but we seem to have approved it in State v. Merkin, 198 Iowa 900, 901, 200 N.W. 437, 438, where we cited State v. Smith, supra, and said:

"The charge in the indictment of a prior offense is not, however, a necessary element of the crime of nuisance, and the general verdict is not affected by the submission of the special interrogatory [as to the prior offense] complained of. The indictment

charged an offense under the statute which the evidence fully sustained. State v. Smith, supra. Appellant could not have been prejudiced by the submission of the special interrogatory to the jury."

But in State v. Logli, 204 Iowa 116, 117, 214 N.W. 490, where there was a general verdict finding the defendant guilty of a liquor nuisance and special findings to the effect that he had twice before been convicted of a like offense, this court merely reversed for the lack of proof of identity of the defendant with the defendant in the former convictions, the opinion stating:

"The instructions of the court herein required the jury to find the identity beyond a reasonable doubt. The jury did so find, even though the evidence in that regard was wholly lacking. We think that the failure of proof at this point was fatal to the special findings. In State v. Merkin, supra, we allowed the general verdict to stand. The sentence imposed in that case, however, was within the permission of the statute as for a first offense. This is not such a case. The punishment inflicted is not permissible as for a first offense. To set aside the special findings is to set aside the penitentiary sentence imposed."

The above conclusion is not in conflict with the statement previously quoted from State v. Smith, supra. The rule is not that appellate courts *must* remand for resentence but that they may remand when the only error goes to the finding of prior offenses. As pointed out in People v. Carrow, supra, the verdict finding the defendant guilty of the main charge and also that he has been previously convicted is severable. The only effect of the finding of a former conviction is to authorize the increased punishment. If there be error in this portion of the verdict then there is error in the sentence. We have often remanded criminal cases for correction of the sentence. State v. Tucker, Iowa, 24 N.W.2d 460, and cases there cited; also State v. Rosenberg, 238 Iowa 621, 27 N.W.2d 904.

In State v. Marx, 200 Iowa 884, 886, 205 N.W. 518, 519, where defendants were sentenced to jail and the statute at the time of the commission of the offense provided for a fine only, we said that in the absence of other reversible error the cause could

"be remanded for the entry of a proper judgment." There we found other reversible error.

In State v. Murphy, 225 N.C. 115, 33 S.E.2d 588, the defendants were convicted of assault and highway robbery. Upon appeal the evidence was held sufficient to support that part of the general verdict finding the defendants guilty of assault but insufficient to sustain the charge of highway robbery. The sentence was set aside and the cause remanded, without ordering a new trial, for proper sentence on the assault conviction.

In Collins v. State, 224 Ind. 509, 512, 69 N.E.2d 173, 174, the trial court sentenced the defendant for a greater number of days than is permitted under the statute. The disposition was a remand "for the sole purpose of imposing sentence in conformity with [the statute]."

In People v. Lueckfield, 396 Ill. 520, 521, 72 N.E.2d 198, 199, the defendant was sentenced under the larceny of a motor vehicle statute for an indeterminate sentence of one to twenty years. After he had served seven years the defendant sued out a writ of error and the Supreme Court of Illinois held the indictment would only sustain a conviction of grand larceny, punishable by imprisonment from one to ten years. The cause was remanded with directions to the trial court to enter a proper sentence, the opinion stating:

"Ordinarily, where the court enters an erroneous sentence and no errors intervene preceding the sentence, the cause should be remanded to the trial court with directions to enter a proper sentence. (People v. Brown, 383 Ill. 287, [48 N.E.2d 953] ; People v. Montana, 380 Ill. 596, [44 N.E.2d 569].) And we have held this rule is not changed even though the defendant has served a substantial part of his erroneous sentence." (Citing cases.)

The jury found two prior convictions. The verdict finding one prior conviction—the Dallas County offense—is the only one sustained by the evidence. This was the second trial of the case. We find no error in the verdict finding the defendant guilty of the Guthrie County offense. That verdict is supported by the evidence and defendant's conviction of this offense should be affirmed. We feel justice will be better served by setting aside the sentence of the trial court and remanding the case for resentence

of the defendant under section 321.281, Code, 1950, upon the verdict of guilty of the Guthrie County offense and one prior conviction of a violation of said statute.—Modified, affirmed and remanded.

All JUSTICES concur except MANTZ, J., not sitting.