UNITED STATES, Appellee

v.

RICHARD ARNOLD TIEDEMANN, Seaman Apprentice,
U. S. Navy, Appellant

1 USCMA 595, 5 CMR 23

No. 615

Decided August 15, 1952

CDR. Raymond van Wolkenten, USN, for Appellant.
CAPT. Francis C. Foley, Jr., USMCR, for Appellee.

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused pleaded guilty at a trial by Navy special court-martial[1] on a charge and specification alleging unauthorized absence in violation of Article 86 of the Uniform Code of Military Justice, 50 USC § 680. After the findings, the trial counsel introduced in evidence records of two prior convictions. Defense offered no objection. The court sentenced the accused to a bad-conduct discharge, confinement at hard labor for six months, and partial forfeiture of pay for six months. Navy reviewing authorities upheld the findings and sentence, but reduced the period of confinement and forfeitures to five months. The major issue before the board of review was whether the prior convictions were properly proved at the trial in view of a contended lack of proof of finality of those convictions. The board of review held that the convictions were properly proved, one member dissenting. The Judge Advocate General of the Navy has certified that issue to us in the following form:

"Did the special court-martial properly have before it evidence of two previous convictions so as to authorize it to adjudge additional punishment pursuant to Paragraph 127c, Section B, Manual for Courts-Martial, United States, 1951?"

The issue presented by the certified question turns on the question of whether finality of the prior convictions was properly established. Paragraph 75b(2) of the Manual for Courts-Martial, United States, 1951, provides that "unless the accused has been tried for an offense within the meaning of Article 44b, evidence as to the offense is not admissible as evidence of a previous conviction." Article 44b of the Code, 50 USC § 619, states that "no proceeding in which an accused has

[1] 1-51-S-340

been found guilty by a court-martial upon any charge or specification shall be held to be a trial in the sense of this article until the finding of guilty has become final after review of the case has been fully completed."

The first of the two prior convictions offered in evidence in this case concerned a deck court-martial held on February 16, 1951. The conviction was proved by an extract from the service record of the accused, and this extract reflects that the convening authority approved the findings and sentence on February 16, 1951, and published the order promulgating his action on March 12, 1951. It is the contention of defense that this extract does not disclose finality since it does not show that the conviction was reviewed and approved in the office of The Judge Advocate General of the Navy.

The deck court-martial in question was held under the Articles for the Government of the United States Navy, 34 USC § 1200, and Naval Courts and Boards, 1937. Review of the conviction was completed prior to May 31, 1951. It therefore follows that finality of that conviction must be tested by the applicable provisions of Navy law, not by the provisions of the Uniform Code of Military Justice and the Manual for Courts-Martial, supra. Articles 53 and 64d of the Articles for the Government of the United States Navy, supra, provide that the sentence of a deck court-martial may be carried into execution on confirmation of the officer ordering the court (convening authority). Article 54b empowers the Secretary of the Navy to set aside the proceedings or remit or mitigate in whole or in part the sentence imposed by any Naval court-martial. As a result of this provision, Section 704(17) of Naval Courts and Boards, 1937, requires that the record

**597**

of a deck court shall, when complete, be forwarded by the convening authority to The Judge Advocate General. The record of deck court-martial conviction in this case shows that the sentence was approved and ordered executed by the convening authority. This official was the highest authority whose approval was required under existing Naval law to give effect to the sentence. There was no mandate in either the Articles for the Government of the Navy or Naval Courts and Boards, 1937, that The Judge Advocate General or the Secretary of the Navy take any further action. The latter official could, of course, set aside the proceedings, or remit or mitigate the sentence. His approval, however, was not essential to confirmation and execution of the sentence. The absence in this record of previous conviction of any endorsement by the Secretary of the Navy merely indicates that no action was taken by him. If, in fact, such action was taken, it was incumbent upon defense to offer proof of such action in rebuttal of the prima facie showing of finality made by the prosecution. We conclude that the court-martial legally considered this prior conviction under paragraph 75b of the Manual for Courts-Martial, supra.

The second of the two prior convictions considered by this court concerned a special court-martial held ▆▆▆▆▆▆ ▆ on July 13, 1951, under the Uniform Code of Military Justice and the Manual for Courts-Martial, supra. This also was proved by an extract from the service record of the accused. The extract shows that the convening authority approved the findings and sentence and ordered the sentence executed on July 18, 1951, and on that same date published the order promulgating his action. It is the contention of defense in respect to this extract that it does not show finality because the action of the supervisory authority is not reflected.

The special court-martial here involved resulted in a sentence of solitary confinement on bread and water for twelve days and partial forfeiture of pay for a period of two months. Paragraph 91b of the Manual provides that

**598**

a record of trial involving such a sentence shall, after approval by the convening authority, be forwarded to the officer exercising general court-martial jurisdiction over the command. This officer, designated by paragraph 94a(1) as the supervisory authority, is required by paragraph 94a(2) to have his law specialist review the record prior to approval. It is the lack of proof of this action of review and approval which defense claims is fatal to the sufficiency of the proof of prior conviction.

Paragraph 75b, supra, after stating the requirement of finality, goes on to say that "subject to the rules as to documentary evidence, including the rules as to the use of copies, previous convictions may be proved by the order publishing the result of trial." Paragraph 68d, in amplification of Article 44b of the Code relative to double jeopardy and finality, states that "former jeopardy by court-martial may be proved in appropriate cases by the order publishing the result of trial." It is apparent from both of these paragraphs that the drafters intended that the order publishing the result of trial would constitute a prima facie showing of conviction in that prior proceeding, both for purposes of establishing double jeopardy and showing previous convictions for effect upon the sentence. Paragraph 90c(1) provides that the order promulgating the result of trial and the initial action of the convening authority will be issued by the convening authority in all cases except those in which a record of trial by special court-martial involving an approved bad-conduct discharge is forwarded to the officer exercising general court-martial jurisdiction over the command (supervisory authority). The prior special court-martial conviction with which we are here concerned did not involve an approved bad-conduct discharge. It follows, therefore, from paragraph 90b(1) that the convening authority was authorized to issue an order promulgating the result of trial and ordering the sentence executed. The fact that such an order was published is shown in the extract from the accused's service record which was here received in evidence. We conclude, therefore, that

under paragraphs 75b and 68d proof of publication of this order constituted a prima facie showing of finality.

We may note, in conclusion, that the rules herein set forth are in no wise unfair to the accused. In ■ relation to each prior conviction, we have stated that the proof as here adduced constituted only a prima facie showing of finality. If the defense has evidence which would rebut that showing, then he need only offer it in order to overcome the initial showing of finality. This is, we believe, consistent with the rule obtaining in civilian criminal procedure. See People v. Del Veawgo, 399 Ill 243, 77 NE2d 668; State v. Savage, 86 W Va 655, 104 SE 153; State v. Findling, 123 Minn 413, 144 NW 142; State v. Cox, 69 NH 246, 41 A 862; State v. Higgins, 241 Iowa 244, 39 NW 2d 599, and Tall v. Commonwealth, 33 Ky Law Rep 541, 110 SW 425.

The question certified is answered in the affirmative, and the decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.