**STATE of Iowa, Appellant,**

v.

**Lester RAIM, Appellee.**

**No. 85–155.**

Supreme Court of Iowa.

Feb. 19, 1986.

Thomas J. Miller, Atty. Gen., Pamela S. Greenman, Asst. Atty. Gen., and Kay L. Chopard, Asst. County Atty., for appellant.

James H. Martinek of Neely & Martinek, Iowa City, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, McGIVERIN, SCHULTZ and WOLLE, JJ.

McGIVERIN, Justice.

After pleading guilty, defendant Lester Raim, who had been charged with second offense operation of a motor vehicle while intoxicated (OWI), in violation of Iowa Code section 321.281 (1983), filed a motion in arrest of judgment which was sustained by the district court. The court then amended the trial information to charge defendant with first offense OWI, and the State appealed. We now reverse the district court's order which sustained defendant's motion and amended the trial information. We also reverse the judgment of conviction entered thereafter and remand for further proceedings.

In the present case, defendant was arrested and charged by trial information with second offense OWI. Defendant pled guilty to the charge, as filed, of second offense OWI, and a later sentencing date was set.

Defendant then timely filed a motion in arrest of judgment pursuant to Iowa Rule of Criminal Procedure 23(3)(a). The issue raised by defendant in this motion concerned a matter of statutory construction, specifically the proper interpretation of Iowa Code section 321.281(2)(c).

Defendant had been charged previously with an OWI violation on June 10, 1978, and was subsequently convicted on October 16. In the case pending against defendant, he was arrested on September 23, 1984, and charged with second offense OWI more than six years after the June 1978 charge but less than six years after his October 1978 conviction on that charge. Defendant asserted that because the earlier OWI violation occurred more than six years prior to his present OWI charge, it was improperly considered by the State and the court in determining his current violation was a second offense.

The State resisted defendant's motion in arrest of judgment by arguing that the six-year time limitation set out in section 321.281(2)(c) began to run from the date of Raim's earlier *conviction* on October 16,

1978, not when the violation occurred; therefore, defendant was properly charged with second offense OWI.

After hearing, the district court sustained defendant's motion, and the court, on its own motion, amended the trial information to charge defendant with first offense OWI, section 321.281(2)(a), a serious misdemeanor. Defendant's guilty plea to OWI, first offense, was renewed. At this point in the proceeding, the court asked the State if there were any reason why sentence should not be pronounced. *See* Iowa R.Crim.P. 22(3). The State did not raise any additional objections because its resistance to the motion in arrest of judgment had been considered by the court and overruled. The court then entered judgment of conviction and sentenced defendant accordingly for OWI, first offense. *See* Iowa Code §§ 321.281(2)(a); 903.1; 911.2.

The State appealed under Iowa Code section 814.5(1)(c) from the district court's order granting defendant's motion in arrest of judgment.

I. *Jurisdiction of the State's appeal.* A threshold inquiry we resolve concerns our jurisdiction to entertain the State's appeal in this case.

The State's right to seek appellate review in a criminal case is governed by Iowa Code section 814.5 and Iowa Rules of Appellate Procedure 101–105. Under Iowa Code section 814.5(1)(c), the State may appeal as of right from "an order arresting judgment." Here, the State appealed from the district court's ruling which sustained defendant's motion in arrest of judgment. Therefore, the State properly appealed as of right, and no application for discretionary review under Iowa Code section 814.5(2) was necessary.

The State appealed the district court ruling of January 11, 1985, sustaining defendant's motion in arrest of judgment, on January 21. This was within the sixty-day time period for appeal then granted by statute, Iowa Code section 814.4,[1] and, thus, the appeal was timely in this case.

---

1. Effective July 1, 1985, Iowa Code section 814.4 was repealed and Iowa R.App.P. 101 now gov-

■ Defendant further asserts that the State lost its right to appeal when it allowed the district court to sentence Raim to the amended charge of first offense OWI. This contention is not supported under the record. The State resisted defendant's motion in arrest of judgment. The district court sustained defendant's motion and, on the court's own motion, amended the trial information to charge defendant with first offense OWI. Upon inquiry by the court, the defendant renewed his guilty plea to the charge in the amended information. Thereafter, the State was obliged to cooperate with the court in the process of sentencing defendant.

Because the State's appeal was properly taken as a matter of right and was timely, we have jurisdiction. We, therefore, reach the merits of the State's appeal.

■ II. *Consideration of prior offenses under Iowa Code section 321.281(2).* Iowa Code section 321.281(2)(c) (1983),[2] in effect at the time in question, provides in part:

> No conviction for, or plea of guilty to, a violation of this section which occurred more than six years prior to the date of the violation charged shall be considered in determining that the violation charged is a second, third or subsequent offense.

The issue is whether the six-year period prior to the date of the most recent violation runs from the date of prior offenses or from the date of conviction on such offenses in order to determine if the most recent violation is a second, third or subsequent violation. Stated another way, the issue is whether the phrase "which occurred more than six years prior to the violation charged" modifies the preceding words "conviction" or "violation" in the

statute. *See* Iowa Code section 321.281(2)(c). We conclude the phrase modifies the word "conviction."

Section 321.281 provides for a "scheme of escalating punishments based on the number of defendant's prior 'offenses.'" *State v. Ridout,* 346 N.W.2d 837, 839 (Iowa 1984). Subsection 321.281(2) lists the various punishments which are imposed on a person convicted of a violation of the statute. Our prior interpretations of this statute have held that it is the previous OWI *conviction* or *plea of guilty* which bears on enhancement of punishment. *See State v. Clark,* 351 N.W.2d 532, 536 (Iowa 1984); *Ridout,* 346 N.W.2d at 839; *State v. Barlow,* 242 Iowa 714, 719, 46 N.W.2d 725, 728 (1951).

■ A defendant is protected with a presumption of innocence before conviction, and it is consistent with this presumption to conclude that a charge of an OWI violation alone cannot be used to enhance any punishment. The prior offenses referred to in section 321.281 which shall increase the penalty mean "offenses that have been legally ascertained and determined—synonymous with convictions or judgments obtained in prior actions against the defendant for violation of the said statute." *Id.,* 46 N.W.2d at 728. Therefore, only convictions occurring on a date within the six years prior to the most recent offense are to be used in determining whether the current violation charged is a second, third or subsequent offense.

This is consistent with our Rule of Criminal Procedure 6(5) which governs the pleading of prior convictions in an indictment or trial information. That rule provides in part:

> charged is a second, third or subsequent offense. For the purpose of determining if a violation charged is a second, third, or subsequent offense, a deferred judgment pursuant to section 907.3 for an offense under this section shall be counted as a previous violation.
> 1984 Iowa Acts ch. 1292, § 4(2)(c) (codified at Iowa Code § 321.281(2)(c) (1985)).

erns the time for perfecting a criminal appeal. *See* 1985 Iowa Acts ch. 157, §§ 3 and 9. That period is now thirty days.

2. The legislature later amended Iowa Code section 321.281(2)(c) to read:
No conviction for, deferred judgment for, or plea of guilty to, a violation of this section which occurred more than six years prior to the date of the violation charged shall be considered in determining that the violation

If the offense charged is one for which the defendant, if convicted, will be subject by reason of the Code, to an increased penalty because of *prior convictions,* the allegation of such *convictions,* if any, shall be contained in the indictment.

(Emphasis added.)

The rule does not mandate that an indictment or information contain the date of a prior violation. Instead, rule 6(5) provides that the prior conviction shall be noted in the indictment if such must be alleged as part of the offense, as in second offense OWI. This supports our interpretation of section 321.281(2)(c).

Defendant makes the final contention that two persons arrested for an OWI violation on the same day may have convictions entered on different dates and, thus, would be subject to different levels of punishment if they were arrested on a similar violation six years later. We fail to perceive how this situation is at odds with the legislative purpose in enacting section 321.281, as defendant suggests. The statute operates in a manner so as to affect those persons who have committed OWI offenses on the basis of whether they are *convicted* of OWI, not whether they are only *alleged* to have committed such an offense. Such a scheme appears consistent with the legislative purpose of providing a system of punishment for OWI offenses. *See State v. Soppe,* 374 N.W.2d 649, 653 n. 4 (Iowa 1985); *State v. Blood,* 360 N.W.2d 820, 822 (Iowa 1985).

III. *Disposition.* The district court incorrectly sustained defendant's motion in arrest of judgment and amended the trial information to charge only first offense OWI, and, therefore, the order is reversed. Because that order inhered in the judgment of conviction of defendant of OWI, first offense, that judgment is reversed and the case remanded for further appropriate proceedings on the trial information that charges defendant with OWI, second offense.

REVERSED AND REMANDED.