**STATE of Iowa, Appellee,**

v.

**Larry Eugene WISEMAN, Appellant.**

No. 98–1440.

Supreme Court of Iowa.

July 6, 2000.

Thomas M. Walter and Kenneth A. Duker of Johnson, Hester, Walter & Breckenridge, L.L.P., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, and Barbara A. Edmondson, County Attorney, for appellee.

LARSON, Justice.

In 1997 Larry Eugene Wiseman was arrested for operating a motor vehicle while intoxicated (OWI) in violation of Iowa Code section 321J.2 (1997). He was convicted by a jury. Based on a 1991 OWI conviction, the court found him guilty of a second offense and enhanced his sentence accordingly. Wiseman appealed, and the court of appeals affirmed. In doing so, it rejected Wiseman's argument that the district court had misinterpreted Iowa Code section 321J.2(3) (court, for enhancement purposes, may not consider convictions, deferred judgments, or pleas of guilty occurring more than six years before current violation). We affirm the decision of the court of appeals and the judgment of the district court.

A jury found Wiseman guilty of OWI in connection with his 1997 offense. He stipulated that he pled guilty to OWI in 1991 but argued the earlier offense could not enhance the penalty for his present offense because of Iowa Code section 321J.2(3), which provides in part:

> No conviction for, deferred judgment for, or plea of guilty to, a violation of this section which occurred more than six years prior to the date of the violation charged shall be considered in determining that the violation charged is a second, third, or subsequent offense.[1]

---

1.  Iowa Code § 321J.2(3) no longer provides a window of six years for determining if a de-

Wiseman's plea of guilty was over six years before his present offense, but his conviction on that plea was within the six-year window of section 321J.2(3). The district court held the date of the conviction, not the date of the guilty plea, controlled.

■■■■ Wiseman argues this was error because his guilty plea was entered more than six years before the last violation. He contends the district court's interpretation makes the statutory language "plea of guilty" superfluous and of no effect. We will not interpret statutes in a way that makes portions of them irrelevant or redundant. *State v. Ahitow,* 544 N.W.2d 270, 273 (Iowa 1996); *see also* Iowa Code § 4.4(2) (presumption that entire statute is intended to be effective).

We agree with the district court and the court of appeals that the operative terms of section 321J.2(3) are convictions and deferred judgments—not pleas of guilty. In fact, we believe a plea of guilty standing alone is irrelevant on the issue of enhancement until a conviction or deferred judgment is entered. This interpretation does not render the date of the guilty plea meaningless, as Wiseman argues, because the legislature itself has accorded it no legal significance. This is demonstrated by a further reading of section 321J.2(3). Following the language relied on by Wiseman and quoted above, that section provides:

> For the purpose of determining if a violation charged is a second, third, or subsequent offense, *deferred judgments* pursuant to section 907.3 for violations of this section and *convictions* or the equivalent of deferred judgments for violations in any other states under statutes substantially corresponding to this section shall be counted as previous offenses. The courts shall judicially notice the statutes of other states which define offenses substantially equivalent to the

one defined in this section and can therefore be considered corresponding statutes. Each previous violation on which *conviction* or *deferral of judgment* was entered prior to the date of the violation charged shall be considered and counted as a separate previous offense.

Iowa Code § 321J.2(3) (emphasis added). Under this section, former guilty pleas are not considered on the issue of enhancement.

This interpretation is consistent with our prior cases, such as *State v. Barlow,* 242 Iowa 714, 46 N.W.2d 725 (1951). In *Barlow* the issue was whether there was evidence to support a jury's finding of a previous conviction. A municipal court clerk testified as to docket entries indicating the entry of a guilty plea and that an order imposing a fine and jail time could be found in the clerk's records. However, the prior conviction was not actually proved. *Barlow,* 242 Iowa at 718–19, 46 N.W.2d at 727–28. We said:

> The prior offenses which section 321.281, Code, 1950 provides shall increase the penalty means offenses that have been legally ascertained and determined—synonymous with convictions or judgments obtained in prior actions against the defendant for violation of the said statute.

*Id.* at 719, 46 N.W.2d at 728 (citations omitted).

In *State v. Ridout,* 346 N.W.2d 837 (Iowa 1984), we considered whether a deferred judgment permitted enhanced punishment for OWI. *Ridout,* 346 N.W.2d at 839. The State argued in that case that the law "equates a conviction with a guilty plea," an argument we rejected. In doing so, we relied on *Barlow*'s holding that prior offenses for enhancement purposes

fendant has previous offenses; rather, §§ 321J.2(4) and 321.12(4) (1999) combine to allow the court to consider any conviction within the previous 12 years. *See* 1997 Iowa

Acts ch. 177, § 4 (codified at Iowa Code § 321J.2(4) (Supp.1997)). However, the applicable provision for purposes of this appeal is Iowa Code § 321J.2(3) (1997).

were "synonymous with convictions or judgments." *Id.* (quoting *Barlow*, 242 Iowa at 719, 46 N.W.2d at 728).

None of our cases or statutes, including section 321J.2(3), provide that a plea of guilty, standing alone, is an "offense" for enhancement purposes. In this case, Wiseman's conviction was within the six-year window of that section, and the court properly enhanced his sentence accordingly.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

All justices concur except NEUMAN, J., who takes no part.